No. 25,456.

MARY L. TUCKER, *Appellant,* v. THE IMMANUEL BAPTIST CHURCH et al., *Appellees.*

SYLLABUS BY THE COURT.

1. DEEDS—*Conditions Subsequent—Breach—Ipso Facto Determination of Estate.* The breach of a condition subsequent in a deed does not *ipso facto* revest the title in the grantors.

2. SAME—*Conditions Subsequent—Breach—Waiver by Grantor.* A breach of conditions subsequent in a deed may be waived by the grantors.

3. DISMISSAL AND NONSUIT—*Condition of Cause—Submission to Jury.* A plaintiff does not have a right to dismiss a jury case without prejudice after it has been finally submitted to the jury.

4. TRIAL—*Verdict—Special Questions.* The jury's answers to special questions, none of which pertain to the controverted question in the case, do not require the setting aside of the general verdict.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed July 11, 1925. Affirmed.

*A. J. Herrod* and *L. O. Carter,* both of Kansas City, for the appellant.

*James F. Getty* and *N. J. Wollard,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action in ejectment to try the title to and for the possession of a city lot and for damages for withholding the property. The pleadings are in the statutory form. (R. S. 60-2001 to 60-2003.) It was tried to a jury, who answered special questions and returned a general verdict for defendants, upon which judgment was rendered. The plaintiff has appealed.

On December 21, 1914, Mary L. Tucker and J. B. Tucker, who were then the owners of the lot in controversy, sold and conveyed the same to the trustees of the Yecker Avenue Baptist Church and their successors in office. The conveyance reads as follows:

"WARRANTY DEED—GENERAL. *This Indenture,* Made this 21 day of December, in the year of our Lord one thousand nine hundred and fourteen, between Mary L. Tucker and J. B. Tucker, her husband, of the county of Wyandotte, and state of Kansas, of the first part, and trustees of the Yecker Avenue Baptist Church and their successor in office of the county of Wyandotte, and state of Kansas, of the second part.

1. Deeds, 18 C. J. § 426.   2. Id., 18 C. J. § 428.   3. Dismissal and Nonsuit, 18 C. J. § 22.   4. Ejectment, 19 C. J. § 293.

*"Witnesseth:* That the said parties of the first part, for and in consideration of the sum of eight hundred and no/100 ($800.00) dollars to them duly paid, the receipt whereof is hereby acknowledged, have sold, and by these presents do grant, bargain, sell and convey to the said parties of the second part their successors and assigns, all of the following described tract, piece and parcel of land, situated in the county of Wyandotte, and state of Kansas, to wit: Fifty (50) feet off the east side of lot twelve (12) in block one (1) Brown's Park addition to Kansas City, Kansas. *The party of the second part agrees in accepting this deed that they will not within a period of thirty years build or permit to be built anything but a good, substantial residence costing not less than two thousand five hundred ($2,500.00) dollars. Be it further understood that any violation of this building stipulation will be considered cause of a forfeiture of all rights, title and interest in said property back to parties making this deed, or their heirs, without further process of law,* with the appurtenances and all the estate, title and interest of the said parties of the first part therein. And the said grantors do hereby covenant and agree, that at the delivery hereof they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrances, and that they will warrant and defend the same in the quiet and peaceable possession of said parties of the second part, their successors and assigns forever, against all persons lawfully claiming the same.

*"In witness whereof,* the said parties of the first part have hereunto set their hands and seal the day and year first above written."

The purchase money was paid. This deed was properly executed and acknowledged. It was duly recorded December 23, 1914.

The defendants here are the successors of the grantees named in the deed, the corporate name of the organization having been changed. Beginning early in January, 1920, defendants erected a church building upon this lot and another, at a cost of about $25,000. J. B. Tucker died August 26, 1920. The first work on the building was paid for January 3, 1920, the corner stone was laid June 20, 1920, and the building was completed sufficiently to be occupied prior to April, 1922. On October 1, 1922, Mary L. Tucker brought this action. It is plaintiff's contention that by reason of the italicized provision in the deed above quoted and the fact that the church had been built upon the lot, the legal title to the lot *ipso facto* reverted to her. In her petition she avers that she "is the holder and owner of the legal title . . . and has the legal estate in" the real property in controversy.

The language in the deed does not admit of that interpretation. The clause relied upon is not a limitation or condition upon the granting of title. The deed recites that for a valuable consideration

(perhaps all the full title to the property was worth at that time), which was paid, the grantors "have sold and by these presents do grant, bargain, sell and convey to the parties of the second part, their successors and assigns." The deed also contains full covenants of warranty. There are no conditions or limitations in the grant of title, hence the title passed to the grantees and no title remained in the grantors which would enable them to maintain an action upon an allegation that they were the owners of the legal title.

Now, examining the clause with reference to the building, it will be noted this does not purport to be based upon any reduction of consideration for the conveyance. It is a separate agreement or covenant which does not purport to be based on a special consideration, though the fact it is in writing may import a sufficient consideration to base an action thereon. In wording it is personal as to the second parties, *i. e.*, it does not purport to bind their successors or assigns. Its violation by the parties of the second part does not, by the language used, of itself effect a forfeiture of the title conveyed by the deed, but "will be considered a cause of forfeiture." As we view this provision, this simply means that it might form the basis of an appeal to a court of equity to inquire into all the facts and · circumstances of the case, including the purposes for which this separate agreement was inserted in the deed, the extent of the injury resulting to the grantors by reason thereof, and all the facts and circumstances surrounding the entire transaction, and determine whether or not it had been violated in such manner that the title itself should be forfeited by the grantees to the grantors. In any event, it is clear that a simple violation of this separate agreement inserted in the deed would not *ipso facto* forfeit the title conveyed by the instrument and reinvest the same in the grantors.

In *Bredell v. Westminster College*, 242 Mo. 317, it was said:

"It is a well-recognized principle of the law of real property that in case of a breach of a condition subsequent the title does not *ipso facto* revert to the grantor, but remains in the grantee until by reëntry on the property or some act equivalent thereto the grantor asserts his rights arising by reason of forfeiture." (p. 337.. See, also, 18 C. J. 376; 2 Washburn on Real Property, 6th ed., § 951 *et seq.*)

It necessarily follows that plaintiff could not maintain this action upon a claim of being the holder and owner of the legal title to the property. While ejectment may be maintained for breach of condition subsequent, the petition should allege equitable title in plaintiff,.

Tucker v. Immanuel Baptist Church.

as distinct from legal title, and the facts should be stated upon which plaintiff's title is based.   (R. S. 60-2001.)

It seems clear, also, that a violation of this covenant is one which might be waived by the grantors—that is, the covenant might be violated in a manner which would be no injury or result in no damage to the grantors—and for that reason not be objectionable to them. A condition that a property shall not be used except for a dwelling costing more than a stated sum is usually placed in a deed to prevent a cheap grade of residence or business property or buildings of a character that would be objectionable in a good residence district.   Churches are not ordinarily regarded as being objectionable in a purely first-class residence district of a city.   Recent zoning ordinances permit churches to be built in the most exclusive residence districts.   (*West v. City of Wichita*, 118 Kan. 265, 266, 234 Pac. 978.)   Then this was a conveyance to a church organization. The only residence it could use would be a parsonage.   The usual use a church organization has for a lot is for a church building.   The case was tried in the court below upon the theory that the grantors had waived this provision, and the general verdict of the jury found that the grantors had waived.   In 18 C. J. 377 the rule as to the waiver by the grantor as to conditions subsequent is thus stated:

"A condition may also be waived or a forfeiture saved not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or voluntarily to forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act when he ought to act, have been at variance or inconsistent with his right to enforce a forfeiture or have so continued for a long period of time." (See the many cases cited there.)

Appellant argues that there was no evidence to justify the court's instructions on the question of the waiver, nor the general verdict of the jury which in effect found the waiver.   It will not be necessary to recite the evidence in detail, but it is sufficient to say that we have examined it and regard it as sufficient to support the finding and judgment of the court.   The evidence tended to show that Mr. Tucker knew, at the time he made the contract to sell it to the church organization, that it contemplated building a church building thereon.   This tended to show that such a structure was never contemplated by the parties as being a violation of the condition subsequent which was placed in the deed.   But whether that be true or not, plaintiff should have acted promptly if she contended that

the building of the church was a violation of this restriction which forfeited the title. This could have been done by an action to enjoin the building of the church at the time it was started. Instead of doing that, plaintiff, living within a block and a half of this lot, permitted defendants to expend large sums of money and complete the erection of the church on the lot, and waited more than two and a half years after the work began, before any step was taken to attempt to construe or enforce the condition in the deed.

After the case had been submitted to the jury and the jury had been out several hours, counsel for plaintiff moved to dismiss the case without prejudice. At the time this motion was first presented, the court declined to hear it, for the reason that he was then engaged in preparing instructions in another case. Soon thereafter the jury returned into court with a verdict, but before it was received the plaintiff renewed his motion to dismiss without prejudice, which was then by the court considered and overruled. The appellant complains of that ruling. Our statute provides that an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury. (R. S. 60-3105.) After a jury has been instructed and the case has been argued and submitted to the jury for its determination, plaintiff does not have a right, under the statute, to dismiss without prejudice. (*McKinley v. Shull*, 112 Kan. 837, 838, 212 Pac. 898.) Whether dismissal should be made at that stage of the trial is a question which appeals to the sound discretion of the court. There is nothing in this case to disclose that the court abused his discretion.

Appellant argues that her motion for judgment upon the special findings of the jury should have been sustained. The special findings of the jury were to the effect that plaintiff and her husband, on December 21, 1914, transferred to defendant by general warranty deed the property in question, which deed had the clause therein previously quoted; that the defendant church organization took possession of the property and built a church building upon the lot, which building is still located thereon; and that the deed in question was recorded December 23, 1914. None of these questions were controverted. No special question was asked of the jury as to whether the grantors of the deed waived the agreement in the deed with reference to building upon which the plaintiff relies. This was the real question tried out and submitted to the jury by the instruc-

tions of the court. Since there was no special finding upon that question, the general verdict of the jury answered it. The special findings are not in conflict with the general verdict, and hence do not require that the general verdict be set aside.

Finding no error in the case prejudicial to the rights of the plaintiff, the judgment of the court below is affirmed.

HOPKINS, J., not sitting.