No. 33,651

THE STANDARD LIFE ASSOCIATION, *Appellee,* v. C. C. MERRILL, *Appellant;* MRS. FRANK SHANNON (*Defendant*).

(75 P. 2d 825)

Opinion filed January 29, 1938.

*F. M. Ball,* of Mound City, for the appellant.

*Harry Warren, John Connolly,* both of Fort Scott, *George R. Allen* and *Richard F. Allen,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to foreclose a real-estate mortgage. Plaintiff prevailed, and the defendant, Merrill, appeals.

Defendant admits the debt has not been paid, but contends the judgment must be reversed on the grounds of *res judicata,* the stat-

ute of limitations and the granting of a new trial. The first and second contentions involve a previous action to foreclose the same mortgage, the vacating of the former judgment during the same term in which it was rendered, and a later dismissal of the first action during a subsequent term of court without prejudice to a future action. The first action was brought in the name of the Fraternal Aid Union. Subsequently that company became the Standard Life Association, the present plaintiff. The first judgment of March 2, 1934, had inadvertently been taken in the name of the first plaintiff. On motion of plaintiff that judgment was set aside on May 12, 1934, and plaintiff was permitted to continue the action in the name of the present plaintiff and to make a second mortgagee an additional party defendant. The plaintiff did not insist upon immediately taking judgment against the mortgagor and the first action remained on file until April 30, 1936, when it was dismissed without prejudice on motion of plaintiff and at the costs of plaintiff. On the same day the former action was dismissed the present action was filed in the name of the present plaintiff and the second mortgagee was made a party defendant.

The note and mortgage were executed in the sum of $2,000 on September 3, 1927, and the principal note matured at the end of five years. The interest notes, five in number, were made payable annually, beginning September 3, 1928. The first petition alleged a default in interest payments on September 3, 1929. In the second action a default was alleged in interest payments on September 3, 1932, and judgment was rendered accordingly. Defendant testified in the instant case he had paid no interest after September 3, 1929.

In support of the contention of *res judicata* defendant directs our attention to *Hyatt v. Challiss,* 59 Kan. 422, 53 Pac. 467; *Deming v. Douglass,* 60 Kan. 738, 57 Pac. 954; *Dumont v. Taylor,* 67 Kan. 727, 74 Pac. 234; *Bank v. Sadler,* 89 Kan. 321, 131 Pac. 585; *Rost v. Heyka,* 133 Kan. 292, 299 Pac. 969; *Shelley v. Sentinel Life Ins. Co.,* 146 Kan. 227, 69 P. 2d 737. The first, third and fourth cases cited are based on an early statute involving actions in ejectment. That statute was repealed many years ago and the decisions are not in point. The other cases pertain to existing judgments and hence are neither controlling nor helpful in this case.

Defendant urges the action had been previously tried on its merits and hence the claim was merged in judgment and cannot become the basis of another action. Undoubtedly that is the rule where such

former judgment continues to exist. Here it no longer existed. It had been vacated and set aside. What thing then remained adjudicated? Obviously nothing. The action stood as though no judgment had ever been rendered. In 1 Freeman on Judgments (5th ed.), Vacating Judgments, § 302, the rule is stated thus:

"The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination."

In 34 C. J., Judgments, § 595, it is said:

"Where a judgment is vacated or set aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as if no such judgment had ever been entered. No further steps can be legally taken to enforce the vacated judgment. But the action is left still pending and undetermined, and further proceeding may be had and taken therein. The case stands again for trial or for such other disposition as may be appropriate to the situation. A vacated judgment affords no justification for acts done before the order of vacation, except to mere ministerial officers, and affords no bar to a new action."

·In *Martin v. Baugh,* 1 Ind. App. 20, 27 N. E. 110, it was held:

"Where a judgment is rendered on a joint promissory note against one of two joint obligors, the other is thereby absolutely discharged, unless the plaintiff, in some legal way, saves his right to pursue the other also.

"But if such judgment is afterward set aside and vacated, the liability of both obligors is revived.

"Whether or not a cause of action is merged in a judgment depends on the question whether there is or is not a valid judgment. If the judgment is ineffective, or *coram non judice,* or is reversed, or set aside, there can be no merger." (Syl. ¶¶ 1, 2, 3.)

That a district court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of sound discretion, vacate its judgments, cannot be doubted. (G. S. 1935, 60-3007; *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *Isenhart v. Powers,* 135 Kan. 111, 9 P. 2d 988.)· In the instant case there was sufficient cause to vacate the judgment and no abuse of discretion in vacating it is shown. Certainly the second action was properly brought in the name of the present plaintiff. The importance of joining a second mortgagee as a party defendant has received the serious consideration of this court on several occasions and was again stressed in the recent case of *Motor Equipment Co. v. Winters,* 146 Kan. 127, 69 P. 2d 23. Since no prejudicial error appears, in the order vacating the former judg-

ment, it is obvious the vacated judgment cannot constitute an existing judgment or bar to the present action.

Was the present action barred by the statute of limitations? It is conceded the five-year statute is applicable. (G. S. 1935, 60-306, *First*.) The principal note was dated September 3, 1927, and was due September 3, 1932. The first action was filed April 21, 1932, and was dismissed April 30, 1936. On the date of its dismissal the present action was commenced. Defendant contends plaintiff accelerated the maturity of the principal and remaining interest notes in its first action and that the judgment rendered therein fixed the maturity thereof as of September 3, 1929, and hence the second action filed on April 30, 1936, was barred. That judgment, as heretofore stated, was vacated and hence the due date was not adjudicated thereby. The matters in controversy were therefore left open for future determination. Assuming, however, the defendant defaulted in the payment of interest on September 3, 1929, and that the due date of the debt was accelerated so as to mature it on September 3, 1929, the first action was nevertheless brought in time and remained pending until April 30, 1936. Under these circumstances, plaintiff, by virtue of G. S. 1935, 60-311, had one year after the dismissal of the first action within which to institute the second action. That statute provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, *or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired,* the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure." (Italics inserted.)

It has been held a dismissal without prejudice, where the new action is substantially the same as the first one, must be regarded as a failure otherwise than upon the merits. (*Meyer v. Wilson,* 131 Kan. 717, 293 Pac. 738.) That the second action was substantially the same as the first is clear. Moreover, the dismissal of the first action is in no wise shown to have prejudiced the rights of the defendant.

Defendant, however, urges a second action cannot be filed by virtue of G. S. 1935, 60-311, where the action has been reduced to judgment. In that contention he is in error. In support of that position he relies on what was said in the old ejectment cases, which are not in point. While he does not cite G. S. 1935, 60-3105, it is well to note its provisions. The pertinent portion thereof reads:

· "An action may be dismissed without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

. . . . . . . . . . . . . .

"Third. By the court for want of necessary parties."

This particular statute was involved in the dismissal of an injunction suit, without prejudice, after judgment and a reversal by this court in the case of *Schrag v. Blaze Fork Drainage District*, 123 Kan. 739, 256 Pac. 979. Concerning the right to dismiss an action after judgment this court said:

"The learned counsel for appellant has cited numerous cases holding that it was error for the trial court to permit the plaintiff, after reversal, to dismiss his case without prejudice, but in nearly all of them the court had directed or indicated a more or less specific judgment. In some of them affirmative relief had been asked; in some, third parties were interested or had intervened; in others, the rights of the successful party would possibly be lost, or the benefit of the judgment indicated would not accomplish the purpose desired or intended. We feel that this case is not one of that kind, and all the difference between the judgment rendered and the one appellant says should have been rendered is the possible expense and inconvenience of another suit or double litigation.

" 'Plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of defendant, but he will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing defendant's rights will be prejudiced, or he will be deprived of any just defense. Nevertheless the injury which would thus be occasioned to defendant must be of a character that deprives him of some substantive rights concerning his defenses not available in a second suit or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation which in the eye of the law would be compensated by costs.' (18 C. J. 1158.)" (p. 741.)

In the instant case the costs on dismissal were taxed against the plaintiffs and defendant was deprived of no substantive right in his defense to the note or mortgage. After judgment a party is not entitled to a dismissal without prejudice as a matter of right. Whether, however, an action should be dismissed, without prejudice after judgment, is a matter which rests in the sound discretion of the trial court and in the absence of a showing of an abuse of such discretion, this court will not reverse the ruling. (*Railway Co. v. Berry*, 79 Kan. 19, 98 Pac. 204; *Tucker v. Immanuel Baptist Church*, 119 Kan. 30, 34, 237 Pac. 654.) It must, of course, be remembered the judgment in the instant case was vacated during the term in which it was rendered and while the court retained control over its judgments. The present action was not barred by the statute of limitations.

Defendant finally urges the trial court erred in setting aside its judgment in the second action after the term of court in which that judgment was rendered. A few facts will disclose the correctness of the court's ruling. That judgment was a dismissal of plaintiff's second action against this defendant, and was rendered on a motion for judgment on the pleadings. The judgment was rendered November 27, 1936. A motion for a new trial was filed in time and during the same term in which that judgment of dismissal was rendered. The motion of plaintiff for a new trial was heard and overruled during the following 1937 January term of court. During the same January term plaintiff filed a motion to set aside the judgment of November 27, 1936, *and to vacate the order overruling its motion for a new trial.* The basis of that motion was that the trial court erred in its judgment dismissing the second action and in its order overruling plaintiff's motion for a new trial and that it did both on the same erroneous theory, namely, that the former judgment had been vacated after the term in which it was rendered. The order vacating the former judgment was rendered during the 1934 January term and on May 12, 1934. The trial court reëxamined the court files and found it had rendered the judgment dismissing the second action and had overruled the motion for a new trial in the second action under a misapprehension of the fact that the 1934 January term had ended on May 12, 1934, when in fact it did not end until May 14, 1934. The motion to set aside the order overruling the motion for a new trial was therefore in reality a request that the trial court reconsider its order overruling the motion for a new trial. When it reconsidered the motion for a new trial and reversed its ruling thereon, for the reason stated, the judgment of dismissal was of necessity set aside. The trial court had full power, during the term in which it ruled on the motion for a new trial, to reconsider and correct its obvious erroneous ruling on that motion. When it did correct its ruling a trial was had which resulted in a judgment for plaintiff in an amount which it is conceded had never been paid and which was long past due.

The judgment is affirmed.