No. 36,475

KENNETH COLE, *Appellant,* v. D. L. LLOYD, *Appellee.*

(166 P. 2d 577)

Opinion filed March 9, 1946.

*Rupert Teall,* of Wichita, argued the cause, and *Henry Lampl, Carl I. Winsor* and *Harlin E. Bond,* all of Wichita, were on the briefs for the appellant.

*George B. Powers,* of Wichita, argued the cause, and *Robert C. Foulston, George Siefkin, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart*

*R. Carter, Thomas E. Woods* and *Lloyd F. Cooper,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from orders (1) granting defendant a new trial; (2) overruling plaintiff's motion to vacate the order for a new trial; (3) overruling plaintiff's motion to specify the particular ground or grounds on which the new trial was granted.

Subsequent to the filing of an abstract and brief by appellant in this court counsel for appellee observed for the first time that a journal entry, prepared by the attorney who tried the case for appellant and which counsel for appellee approved and the trial judge signed without either of them having read it, contained a finding, due to a misunderstanding, which counsel for appellee claimed was not made. He filed a motion in the district court for an order *nunc pro tunc.* The purpose of the motion was to have the journal entry which covered the ruling on the third motion corrected so as to show the trial court had overruled that motion generally instead of showing, as the journal entry did, that the court had eliminated one of the grounds alleged in the motion for a new trial. The ground which the journal entry eliminated was— "That the verdict is contrary to the evidence." A hearing was had on the motion for the order *nunc pro tunc.* The motion was sustained and the journal entry was corrected accordingly. Appellant has not appealed from the *nunc pro tunc* order. The result is there is nothing here for a review of that hearing or of the order made pursuant thereto.

The only questions remaining for our consideration are whether the trial court committed reversible error (1) in granting a new trial; and (2) in refusing, if it did refuse, to specify the reason or reasons for granting a new trial.

From the record before us it clearly appears the verdict in favor of the plaintiff did not have the independent approval of the trial court. When the court sustained the motion for a new trial it, among other things, said:

"I have been expecting a Motion for a New Trial to come up for a long time but anyway, I wasn't satisfied with the verdict because the whole thing just didn't make plain sense, that is all there is to it, so I will grant a new trial. . . ."

Counsel for appellee contend these facts bring the instant case squarely under the rule stated in *Posey v. Johnson,* 145 Kan. 742,

67 P. 2d 598; *Motor Equipment Co. v. McLaughlin,* 156 Kan. 258, 133 P. 2d 149; *Underhill v. Motes,* 158 Kan. 173, 146 P. 2d 374, and the earlier cases therein cited. In the Posey case we said:

"It has always been the rule that if a trial judge permits the verdict to stand he must approve it upon his own independent judgment and not upon that of the jurors. [Citing cases.] If that were not the rule there would be no purpose in the wholesome requirement that in order for a verdict to stand it must not only have the approval of the jury but also the approval of the trial court." (p. 745.)

In the Underhill case the rule was reasserted as follows:

"When a trial court is dissatisfied with a verdict it should set aside the verdict. (*Johnson v. Lanter,* 92 Kan. 257, 139 Pac. 1031; *Blake v. National Mutual Casualty Co.,* 155 Kan. 201, 124 P. 2d 478.) It is, of course, well settled that in order to permit a verdict to stand it must have the independent approval of the trial court. (*Motor Equipment Co. v. McLaughlin,* 156 Kan. 258, 133 P. 2d 149.)" (p. 174.)

Counsel for appellant, however, argue the trial court indicated it granted a new trial because it believed the attorneys had not tried the case as efficiently as they might have. They insist, if that were true, it would not constitute a ground for a new trial. The fact that a civil action is not tried as efficiently as it might have been is ordinarily not a ground for a new trial. (*Holderman v. Jones,* 52 Kan. 743, 34 Pac. 352; *Pouder v. Colvin,* 170 Mo. App. 55, 156 S. W. 483, 46 C. J. 216, 39 Am. Jur., New Trials, § 152.) (See, however, § 153 of last-cited volume pertaining to criminal cases.) In *Ferguson v. Kansas City Public Service Co.,* 159 Kan. 520, 156 P. 2d 869, we held:

"When a trial court grants a new trial generally, upon the ground that it is not satisfied with the verdict, or for any of several reasons not specifically stated, this court does not interfere with the ruling, but where the court grants a new trial upon a specific legal ground which this court is in as good a position to examine as was the trial court, this court may examine the ground upon which the new trial was granted and determine whether it was legally sufficient." (Syl. ¶ 7.)

In the present case four grounds were alleged in the motion for a new trial. The court sustained the motion. Inefficiency or neglect of the attorneys was not one of the four grounds alleged. It is true there is an indication that the court, right or wrong, was not entirely pleased with the manner in which the attorneys handled the case. In the same sentence the court nevertheless expressed surprise at the verdict. In the very next sentence it said, "I am afraid there was

not a complete understanding." In view of the above and the former quotations from the record we think we would not be justified in saying the trial court was satisfied with the verdict but granted a new trial merely because it thought the attorneys had not handled the case as efficiently as they might have handled it. A more accurate interpretation of the record, it seems to us, is that the trial court was dissatisfied with the evidence and the verdict and was blaming the attorneys, at least in part, for not having given the jury a clearer understanding of the case. Whether that criticism was justified we, of course, have no way of knowing. The fact remains the trial court was dissatisfied with the verdict. Under those circumstances it was its duty to set it aside.

Did the refusal of the trial court to specify the precise ground or grounds of the motion for a new trial on which the motion was granted constitute reversible error? Appellant's counsel concede it did not but cite *Bourquin v. Railway Co.*, 88 Kan. 183, 127 Pac. 770, in which this court said the better practice was for the trial court to frankly state the specification or specifications it upheld and those which it overruled.

It is argued the fact the trial court refused to follow the practice recommended by this court is evidence of the exercise of arbitrary power in granting a new trial. The contention is too broad. Although the practice recommended in the Bourquin case can be followed quite generally with benefit to all concerned, including appellate courts, there are cases in which a trial court might not be inclined to sustain any ground alleged in the motion for new trial and yet be wholly dissatisfied with the verdict. On the record properly here for review we think this court, with some merit, might be accused of being arbitrary in saying the trial court was compelled to be satisfied with the evidence and the verdict. None of the evidence is before us. The weight of the testimony and the credibility of the witnesses was for the determination of the trial court. Only four grounds were contained in the motion for a new trial. The motion was sustained generally. The third, and apparently the important ground of the motion was, "That the verdict is contrary to the evidence." In view of the *nunc pro tunc* order made with respect to that particular ground for a new trial, from which no appeal is taken, we are forced to conclude the trial court did not intend to overrule that particular ground of the motion when it sustained the motion for a new trial. Having also

expressed its disapproval of the verdict, it cannot be said the trial court stated no reasons for granting the new trial.

In the light of what has been said it is unnecessary to treat other contentions made by appellant.

The order granting a new trial is affirmed.