No. 38,193

HARRIET GLENN, *Appellant*, v. CITY OF TOPEKA, a Kansas Municipal Corporation, *Appellee.*

(229 P. 2d 737)

Opinion filed April 7, 1951.

*Charles S. Scott*, of Topeka, argued the cause, and *Elisha Scott, Sr.*, and *John J. Scott*, both of Topeka, were with him on the briefs for the appellant.

*Peter F. Caldwell*, Assistant City Attorney, of Topeka, argued the cause, and *Frank P. Eresch*, City Attorney of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages for personal injuries sustained by plaintiff when she fell by stepping in a hole while crossing a street alleged to have been negligently maintained by the city. The answer was a general denial with a plea of contributory negligence. At the trial the jury answered special questions and returned a general verdict for plaintiff. Defendant moved for a new trial upon the grounds that the answers to certain of the special questions were contrary to the evidence, and such answers together with the general verdict showed passion and prejudice, and that the court erred in overruling its demurrer to plain-

tiff's evidence. This motion was made upon oral arguments and briefs of counsel and was sustained by the trial court. Plaintiff has appealed and defendant has cross appealed from the order of the court overruling its demurrer to plaintiff's evidence.

In ruling upon the motion for a new trial the court made a finding, which reads:

"It is apparent that the jury did not fully consider all of the evidence in arriving at their answers to the special questions and therefore, their verdict was against the weight of the evidence presented."

This finding clearly discloses that the trial court was not satisfied with the verdict. It has been repeatedly held it is not only the function of the trial court but its duty to examine the verdict of the jury and to approve or disapprove it. (See, *Posey v. Johnson,* 145 Kan. 742, 67 P. 2d 598, and cases cited page 745.) Later cases are to the same effect. (See, *Walker v. Colgate-Palmolive-Peet Co.,* 157 Kan. 170, 139 P. 2d 157.) When the court is not satisfied with the verdict it is the duty of the court to grant a new trial. (See, *Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589, and cases there cited.)

We think plaintiff's appeal is governed by the above decisions and that the court's order in granting a new trial should be affirmed.

On its cross appeal defendant seriously presses the point that the court erred in overruling its demurrer to plaintiff's evidence. This requires a summary of the facts disclosed by the record. These may be summarized as follows: Kansas Avenue, a north and south street in Topeka, is intersected at right angles by Twentieth street in the south portion of the city. The Santa Fe Railway track intersects Twentieth street just east of Kansas Avenue. East of Kansas Avenue Twentieth street extends for only one block and is spoken of as a "dead end" street. The east end of the block was used for a dump for some years, but its use for that purpose had ceased. At the time here in question someone living near there was using it to haul in trees and cutting them up into firewood for sale. The street was lower than Kansas Avenue and the railroad track and was not well drained. On the north side of the street there were several residential properties and one or more upon the south side of the street. On the north side of the street there was a sidewalk from Kansas Avenue east, perhaps halfway the length of the block, in front of two or three of the houses on the north side of the street, but some of the houses were east of the end of the sidewalk. There was no sidewalk on the south side of the street and

in times of wet weather it could not be used by pedestrians. At times of rainy weather or of freezing and thawing weather it was muddy. At such times trucks going to and from the wood yard on the east end of the street would cut ruts in the roadway. After such times the city would go in with its grader and grade the road, which would be in very good shape until bad weather again. On March 13, 1949, plaintiff was living at 1924 Harrison street, two or three streets west of Kansas Avenue and desired to visit her friend, Mrs. Jackson, who lived in a house on the south side of the one hundred block on East Twentieth street. She walked across Kansas Avenue on the sidewalk on the north side of the one hundred block on East Twentieth street across the railroad track to the end of the sidewalk and then south across the street to the home of Mrs. Jackson. There had been bad weather for several weeks prior thereto and the street had been cut up with ruts by the trucks which went to the wood yard at the east end of the block. While she was at the Jackson home a light snow fell. She left the Jackson home about 8:30 that evening and walked north until she reached a track made by a truck and walked east in the track for some distance, intending to go north to the sidewalk. There was a street light near by, which was not verv bright but lighted up the street so she could see where she was going. As she was walking along to the east she fell in such a way as to break some of the bones in her ankle. She lay there for several minutes before someone saw her and notified a Mr. Newell, who lived in one of the houses on the north side of the street. Mr. Newell and his wife went to her, saw she was injured, and took her in his car to the hospital.

Mr. Newell testified that where plaintiff fell there was a hole in the surface of the street about six or eight inches deep, eighteen inches long and fourteen inches wide. When plaintiff fell she did not see the hole. Within the month or two prior to plaintiff's fall one or more persons had notified the superintendent of the street department of the city that the street was rough, that holes had developed in the surface, and that it needed repair, but there had been no notification of any holes of the size described by the witness. There was ample evidence of plaintiff's injuries to sustain a verdict in her favor if the city is at all liable.

Counsel for appellee remind us that it is the well settled rule in this state that a city is not an insurer of the safety of pedestrians,

citing *Taggert v. Kansas City*, 156 Kan. 478, 134 P. 2d 417. They also call our attention to the well settled rule that a city is not held to the same degree of care in maintaining in a reasonably safe condition a portion of the street commonly used for vehicles as for sidewalks, cross walks and other parts of the street where it is to be anticipated pedestrians will go, citing our recent case of *Smith v. City of Emporia*, 169 Kan. 359, 219 P. 2d 451. It is true that, as shown by plaintiff's evidence, when she went to the Jackson home she used the sidewalk on the north side of the street as far as it was built and then crossed the street to the Jackson home, while on returning she left the Jackson home and walked to the center of the street and then walked east some distance in the middle of the street instead of walking directly north from the Jackson home to the sidewalk. Perhaps she was negligent in taking that course, but we think that is a question properly to submit to the jury. Counsel for the city also point out that plaintiff's evidence does not show that the city had knowledge of the hole described by plaintiff's witness prior to the date of the accident. It is true those who complained to the superintendent of the street department complained generally of the condition of the street as being rough and having holes worn in it, or as being muddy, as the case might be. None of them complained of this specific hole, or one of that size. We think it was for the trial court to determine whether the complaints made were sufficient under the law to put the city on notice of the imperfect condition of the street, which would have been discovered by an examination by the superintendent or some employee of the street department. Counsel for defendant also argue that the city's lack of care of the street was not negligence under the circumstances disclosed by the evidence. This evidence was introduced by defendant and was not before the court when it passed on the demurrer to plaintiff's evidence. On the record before us, which is not as definite in some particulars as it might have been, this court cannot say as a matter of law that the trial court should have sustained the demurrer to plaintiff's evidence.

The result is the judgment of the trial court should be affirmed upon plaintiff's appeal and upon the cross appeal by defendant.

It is so ordered.