No. 39,869

Ira M. Foster, *Appellee*, v. Flora Marshall, *Appellant*.

(290 P. 2d 1031)

Opinion filed December 10, 1955.

R. L. Letton, of Pittsburg, argued the cause, and D. G. Smith, of Girard, and P. E. Nulton, of Pittsburg, were with him on the briefs for the appellant.

Walter F. McGinnis, of El Dorado, argued the cause, and Laurence McVey, of Independence, and Allyn M. McGinnis, of El Dorado, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This was an action for cancellation of an oil and gas lease and to recover damages for conversion of personal property in the form of oil field equipment.

The action was brought by Ira M. Foster, plaintiff landowner, against the defendant, Flora Marshall, wife of E. M. Marshall, now deceased, who had acted as defendant's agent in dealing with plaintiff.

The appeal was from the trial court's judgment sustaining plaintiff's motion for a new trial during the same term of court.

For his first cause of action plaintiff in his amended petition alleged that prior to and on December 9, 1949, he owned certain real estate on which there were six fully equipped and producing oil wells; in July, 1949, the power unit and its house were destroyed by fire and since then no production had been had; soon after the fire E. M. Marshall, defendant's husband and agent, obtained a lease for her on the equipment on the land and in the wells in question; plaintiff and his wife executed the lease which provided that defendant by and through her agent would produce oil from one activated well and that the other five wells would be reactivated using the equipment owned by plaintiff; a further provision of the lease was that defendant would drill one additional well to 1,000 feet not later than one year from December 9, 1949, and that plaintiff would transfer to the, defendant title to the rods, rod lines, casing, tanks, and line pipes located on the lease; ill health on the part of E. M. Marshall was the excuse for lack of performance on the part of defendant until 1951 when the defendant and her husband went to California and there was no further compliance with the lease contract nor any excuses offered for failure to do so; the value of the tubing was $931.60 and the rods $465.80; failure to drill a new well damaged plaintiff in the amount of $4,000.

The second cause of action alleged failure to reactivate the five remaining wells, which had produced oil, and also alleged defendant had pulled and disposed of tubing and rods from the same five wells, whereby plaintiff was entitled to cancellation of the lease.

A motion to strike was lodged against the petition and was overruled. The journal entry recited that a motion to elect was also overruled, but such motion is not in the record before us. A

demurrer to the petition was then filed, the grounds of which were (1) the petition was based on insufficient facts to constitute a cause of action and (2) it showed the action was barred by the statute of limitations. The demurrer was overruled.

An amended answer under oath set up a general denial, and a specific denial of agency; it alleged the lease was for five years and had been and was in continuous production except for unavoidable operational interruptions and denied any fault on the part of lessee; it alleged the original lease was made to E. M. Marshall and Flora Marshall, his wife, but at the time of filing the lease of record "E. M. Marshall" and the words "his wife" were stricken so only Flora Marshall's name appeared as lessee; the answer further alleged that plaintiff and E. M. Marshall had executed a release of each other; a denial was set out of any conversion or any oral arrangements between plaintiff and defendant as a result of defendant's husband acting as her agent; and finally, it was stated that all matters there involved had been on May 22, 1953, and were then involved in the probate court of Crawford county in the estate of E. M. Marshall, deceased, so that the district court had no jurisdiction over the subject matter.

A reply was filed denying that E. M. Marshall was acting as a principal in the transactions involved and stating that if there were any alterations without plaintiff's permission, then the lease was null and void; that any release given to E. M. Marshall would be void as between the parties and would have no effect on the lease; that if plaintiff ever signed the receipt, he did not know its contents, that the receipt was fraudulently obtained, and there was no consideration therefor.

Plaintiff introduced his evidence and rested. Defendant demurred, the trial court sustained the demurrer and discharged the jury. The pertinent parts of the journal entry dated November 1, 1954, provided as follows:

"1. Defendant's demurrer to plaintiff's evidence be and the same is hereby sustained.

"2. Plaintiff have and take nothing by his action, and judgment be entered in favor of defendant for costs legally taxed herein.

"3. The attachment issued herein at or about the commencement of this action be and the same is hereby vacated and set aside and the property described in said proceedings released and discharged from said attachment and returned and restored to the possession of the defendant.

"4. That the receiver appointed herein shall make final report and accounting to the court and pay the Clerk of this Court any balance on hand, and on

approval of his final report and such payment, said receiver and his surety shall be discharged."

Plaintiff filed a motion for new trial on the following grounds:

"1. Because of erroneous rulings of the court.

"2. That the decision of the court is in whole or in part contrary to the evidence.

"3. That the decision of the court is contrary to the law.

"4. Because of newly discovered evidence material for the plaintiff, which he could not with reasonable diligence have discovered and produced in the trial."

Defendant filed a motion to strike for the reason that a motion for a new trial was neither a necessary nor a proper pleading, it was a final order, and no matter was pending concerning which the court had jurisdiction to grant a new trial. Plaintiff also filed a notice of appeal.

On January 28, 1955, the trial court sent a memorandum to counsel wherein it was stated that the motion for a new trial and the motion to strike the same had been submitted along with some affidavits and since it was within the same term, the following conclusions and an order were made by the court:

"1. Defendant's motion to strike plaintiff's motion for a new trial should be overruled.

"2. On plaintiff's motion for a new trial, the judgment rendered should be vacated, the motion sustained and a new trial granted.

"So ordered."

Defendant then filed a notice of appeal. The specifications of error were six in number, but we are concerned with only the fifth, which stated that the trial court erred in sustaining plaintiff's motion for a new trial.

Appellant relies principally on the rule stated in *Rierson v. Southern Kansas Stage Lines Co.*, 146 Kan. 30, 33, 69 P. 2d 1, that a demurrer to the evidence does not raise a question of fact but a question of law. When such a demurrer is sustained or overruled and judgment rendered, a motion for a new trial is neither necessary nor proper. We have no quarrel with that rule if a party is appealing only from the ruling on a demurrer, but we are confronted with a different situation in the case under consideration.

Appellee's contention was that the trial court had erroneously sustained objections to evidence and this was set out in affidavits which were considered at the time the memorandum was sent to counsel, wherein a new trial was ordered on January 28, 1955. It

will be noted that this was done in the same term that the demurrer was sustained and judgment entered. That a district court has full control over its orders or judgment during the term in which they are made, and may, upon sufficient cause shown, in the exercise of sound discretion, vacate its judgments, cannot be doubted. (G. S. 1949, 60-3007; *Standard Life Ass'n v. Merrill*, 147 Kan. 121, 123, 75 P. 2d 825.)

In *Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440, this court said:

"With respect to what is required in order to warrant the reversal of a ruling granting a motion for new trial we have repeatedly held that action of such nature is so much in the discretion of the trial court that an appellant must clearly establish error with respect to some pure, simple, and unmixed question of law." (p. 113.)

In view of what has been said, we are constrained to hold that the trial court could vacate or modify an order and judgment which had been made at the same term of court when it was apparent to the court that such vacation or modification was necessary in furtherance of justice. There is nothing in this record to show any abuse of judicial discretion on the part of the trial court. The result is the trial court did not err in granting the new trial. We feel it is unnecessary to cover the other grounds of the specifications of error.

The order granting plaintiff a new trial is affirmed.