No. 41,303

C. W. ABERCROMBIE and GRACE W. ABERCROMBIE, *Appellees,* v. STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(340 P. 2d 377)

Opinion filed June 13, 1959.

*Keith Martin,* of Mission, argued the cause, and *W. B. Kirkpatrick,* of Topeka, was with him on the briefs for the appellant.

*W. C. Jones,* of Olathe, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: On appeal to the district court in an eminent domain proceeding to condemn certain farmland in Johnson county for the construction of interstate highway No. 50, the amount of the verdict and judgment in favor of the landowners was less than the amount awarded by the court-appointed appraisers. Within the same term the trial court entered an order whereby the landowners were granted permission to file a motion for new trial out of time, the verdict and judgment were set aside and a new trial was granted on the landowners' motion and the court's own motion. The commission has here appealed from that order and the

principal question raised is—did the trial court err in granting the landowners a new trial on its own motion?

In a colloquy between the trial court and counsel at the time of the hearing of the landowners' motion, the court stated:

"Of course, the Court can't protect the litigants against their own judgment in handling of their lawsuits and the employment of counsel. The judge, I guess, about always in every case he tries if he were representing either of the parties, would do something different than they do in the handling of a lawsuit. *However, sometimes cases are so out of line that the judge must step in and set aside the verdict and the judgment on it.* Of course, those are unusual circumstances." (Our emphasis.)

After reciting the appearances and the purposes of the landowners' motion for new trial, the court's order in pertinent part stated:

"The court having examined the pleadings on file, and having considered the evidence offered by the landowner, and being well and fully advised in the premises finds that said motion should be granted and leave given to refile the motion for a new trial instanter.

"Whereupon, said motion for a new trial is refiled instanter, and argument is had upon said motion for a new trial.

. . . . . . . . . . . . . . .

"That the court is dissatisfied with the verdict returned by the jury in said cause on March 4, 1958, and that on the court's own motion, the verdict and judgment entered thereon should be set aside, and that a new trial should be granted.

"The court further finds that the plaintiffs' motion for a new trial should be sustained.

"It Is THEREFORE BY THE COURT ORDERED, ADJUDGED AND DECREED that the verdict and judgment entered on March 4, 1958, in the above entitled matter is hereby set aside and a new trial ordered.

"It Is FURTHER BY THE COURT ORDERED, ADJUDGED AND DECREED that the plaintiffs' motion for a new trial is hereby sustained."

The trial court's above remarks indicate that in its opinion the case was so far out of line that the court had to "step in" and "set aside" the verdict and judgment. Because of this dissatisfaction with the verdict the court, within the same term and on its own motion, ordered the new trial.

In *Klopfenstein v. Traction Co.,* 109 Kan. 351, 198 Pac. 930, this court stated that ". . . by a wilderness of decisions covering half a century, the rule is settled in this state that ordinarily a trial court, when dissatisfied with a verdict, is in duty bound to set it aside." Numerous supporting cases were thereafter cited. The Klopfenstein case was followed in *In re Nemaha County,* 142 Kan.

907, 52 P. 2d 630, where this court in a *per curiam* opinion in an eminent domain proceeding stated:

"The principal error assigned in this appeal pertains to the order of the trial court in sustaining appellee's motion for a new trial, where the court expressed its dissatisfaction with the verdict. In such a situation it was the trial court's duty to grant a new trial, and the appeal from that ruling presents no substantial question for appellate review. . . ."

In *Myers v. Wright*, 167 Kan. 728, 208 P. 2d 589, where a motion for new trial was filed too late but part of the motion was addressed to the court's judicial discretion, it was held the court below had authority to rule thereupon within the term of court in which a verdict is returned for the reason that when a trial court is not satisfied with a verdict, it not only has the authority but it has a duty to grant a new trial. In that instance the verdict for plaintiff was for $595.95. The trial court announced it was not satisfied with the verdict and would grant a new trial unless plaintiff would accept a tender of $216.39, which plaintiff declined, and a new trial was granted. In affirming the trial court, this court said:

"Our former decisions make it clear that the court not only has the authority, but it.is the duty of the court to set aside a verdict and grant a new trial if the court is not satisfied with the verdict. The court should not render a judgment upon a verdict unless the verdict is approved by the court." (p. 729.)

Two additional cases where the same rule was pronounced are *Glenn v. City of Topeka*, 171 Kan. 25, 229 P. 2d 737, and *State Investment Co. v. Pacific Employers Ins. Co.*, 183 Kan. 229, 326 P. 2d 303. In the latter opinion a statement from *Federal Land Bank v. Richardson*, 146 Kan. 803, 806, 73 P. 2d 1005, was quoted as follows:

" 'Independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, *or on its own motion, the court·may set aside or modify the judgment or order.* . . .' " (p. 232.)

We cannot agree with appellant that the trial court based its order sustaining the motion for new trial on the fact of inefficiency or neglect of the attorney. (*Cole v. Lloyd*, 161 Kan. 150, 152, 166 P. 2d 577.) Here, as in the Cole case, the trial court may have so indicated but considering the entire statement of the trial court, other reasons making it necessary that a new trial be granted become apparent. Neither are we able to see, as contended by ap-

pellant, that the general rule applicable in eminent domain proceedings is contrary to our own Kansas rule. (See 29 C. J. S., Eminent Domain, § 307; 18 Am. Jur., Eminent Domain, § 366.)

The judgment is affirmed.