No. 42,602

PAT AHERN, a Minor, by and Through Her Mother, Natural Guardian, and Next Friend, MRS. E. J. AHERN, *Appellant,* v. JOHN C. FANKHOUSER, *Appellee.*

(370 P. 2d 98)

Opinion filed April 7, 1962.

*Orval L. Fisher,* of Wichita, argued the cause, and *Clarence N. Holeman* and *Wendell E. Godwin,* both of Wichita, were with him on the briefs for the appellant.

*H. W. Fanning,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson,* and *Richard C. Hite,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal in a tort action by plaintiff below is from the trial court's judgment and order of February 20, 1961, sustaining defendant's motion to set aside a default judgment against defendant previously entered on February 4, 1961, and from any and all rulings contrary to plaintiff's best interest.

Plaintiff's petition alleged eight grounds of negligence on the part of defendant which were the proximate cause of a collision resulting in personal injuries and damages to plaintiff on June 17, 1959. On February 1, 1960, a summons was issued to defendant but it was returned February 10, 1960, showing that defendant was not

found. On January 3, 1961, another summons was issued to defendant and was returned on January 10, 1961, showing resident service.

On February 4, 1961, since defendant was in default of answer or appearance, the trial court consolidated this case with another one pending in the same court for trial and entered judgment in favor of plaintiff after hearing evidence and argument of plaintiff's counsel, who had also waived trial to a jury.

On February 7, 1961, defendant filed an unverified motion seeking a court order vacating and setting aside the default judgment obtained by plaintiff on February 4, 1961, because since October 9, 1960, defendant had been confined as a bed patient in Wesley Hospital in Wichita as a result of a severe case of pneumonia. Defendant had been informed that service on him had been had by tacking a copy of the summons on the door of his apartment. Due to his disability defendant had not had knowledge of the action, and he had been denied the right to appear and defend such action. He alleged he had a defense thereto.

On February 20, 1961, defendant's motion was presented to the trial court with testimony of Hazel Kammerer, owner and landlady of a large two-story house at 120 East Indianapolis, Wichita. The witness occupied one of the two apartments located on the first floor of the house and the other had been occupied by defendant as a tenant for approximately one and one half years. Defendant had his own mail box located between the doors on the front part of the house. About once a week the witness would "pick up" defendant's mail from his mail box and take it to him at the hospital. The witness testified that on February 4, 1961, she had found "this paper" tacked to defendant's front door behind the screen door. She did not know much about these things and did not want to disturb defendant in his condition so she called one of plaintiff's lawyers and explained the facts and circumstances to him. The next day at approximately 1:00 p. m. she told defendant about it. In taking care of defendant's apartment, she usually entered through an inside door and she had just happened to go to defendant's front door on that particular day.

On February 20, 1961, at the close of the hearing on the motion the trial court stated,

"Well the Court is not satisfied that justice has been done and the motion is sustained."

The trial court's formal order on the motion was filed on March

24, 1961. The court found the motion was duly filed in the same term of court in which judgment had been rendered and further found it was not satisfied that justice had been done. The judgment was ordered vacated and set aside and defendant given ten days in which to answer or otherwise plead to plaintiff's petition.

Plaintiff filed her timely notice of appeal from that order.

The only question involved is whether the trial court erred in sustaining defendant's motion to set aside the default judgment entered against the defendant on February 4, 1961. It is admitted that rendition of the default judgment and all subsequent procedures prior to the taking of this appeal were completed during the January, 1961, term of the eighteenth judicial district of Sedgwick county where there are three terms of court commencing on the second Monday in January, the first Monday in April, and the first Monday in October of each year. (G. S. 1949, 20-1018.) Thus our answer to the question here is that the trial court did not err in setting aside the judgment. (G. S. 1949, 60-3007, *Seventh; Voth v. Thompson,* 178 Kan. 539, 289 P. 2d 733; *Foster v. Marshall,* 178 Kan. 583, 290 P. 2d 1031; *Abercrombie v. State Highway Commission,* 185 Kan. 47, 340 P. 2d 377; *Dimit v. Bradshaw,* 186 Kan. 220, 350 P. 2d 131.) In the Dimit case the trial court, as here, set aside a default judgment and this court, in approving the trial court's procedure, quoted from *Federal Land Bank v. Richardson,* 146 Kan. 803, 73 P. 2d 1005, as follows:

"Independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, *or on its own motion,* the court may set aside or modify the judgment or order. (p. 806.) (Emphasis supplied.)" (p. 222.)

The Dimit case also quoted from *Standard Life Ass'n v. Merrill,* 147 Kan. 121, 75 P. 2d 825, as follows:

"During the term at which a judgment is rendered the district court may, in the exercise of sound discretion, vacate its own orders or judgments, and when an order or judgment is so vacated, the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The issues stand again for trial or for such other disposition as may be appropriate to the situation. (Syl. ¶ 1.)" (p. 222.)

In the Abercrombie case, an eminent domain proceeding, the court in effect stated that where a trial court, within the same term in which a verdict and judgment were rendered, set aside such verdict and judgment on its own motion because it was dissatisfied

with the verdict, the trial court not only had the authority but it had the duty to grant a new trial. The above authorities are but a few of the multitude contained in our reports on this well-established rule.

Judgment affirmed.