Carol FLIEDER, Respondent,

v.

Harvey FLIEDER, Appellant.

No. KCD 29729.

Missouri Court of Appeals,
Kansas City District.

Nov. 27, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1978.

Lillie Knight, Kansas City, for appellant.

Steven G. Emerson, Morris, Larson, King, Stamper & Bold, Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

A judgment debtor's continuing resistance to the registration of a foreign judgment under the Uniform Enforcement of Foreign Judgments Law, Sec. 511.760, RSMo 1969, and Rule 74.79 prompted this appeal.

Plaintiff's (judgment creditor) verified petition for registration, an attached copy

of a Kansas judgment authenticated in the manner authorized by the laws of the United States, defendant's (judgment debtor) "Motion to Set Aside Foreign Judgment", and evidence adduced at a hearing held thereon, reveal certain highly pertinent matters.

On March 15, 1976, personal service of process was obtained upon the judgment debtor, then a citizen and resident of Kansas, in a divorce action instituted by the judgment creditor in the District Court of Johnson County, Kansas. At some unknown, later date the judgment debtor moved from the state of Kansas to the state of Missouri. On August 5, 1976, counsel (a member of the Kansas Bar) representing the judgment debtor in the Kansas divorce action was permitted to withdraw from the case and there is no indication in the record that a new attorney ever appeared on behalf of the judgment debtor therein. On August 13, 1976, the Judge of the District Court of Johnson County, Kansas, entered an order setting the case for "final hearing" on August 18, 1976, and requiring that "notice of final hearing should be sent directly to defendant". A "Certificate of Mailing" attached to said order was undated and unsigned. Although the judgment debtor did not appear in person or by counsel at the August 18, 1976, "final hearing", a judgment was entered in favor of the judgment creditor and against the judgment debtor for divorce, custody of a minor child, alimony, child support, attorney fees and a division of property. According to a "Certificate of Mailing" filed in the District Court of Johnson County, Kansas, a copy of said judgment entered on the 18th day of August, 1976, was mailed on the same day by counsel for the judgment creditor to the judgment debtor at the latter's address in Kansas City, Missouri.

On August 24, 1976, the judgment creditor filed what was captioned a "Notice of Trial of Cause" in said case in the District Court of Johnson County, Kansas, which recited that a judgment has been granted on a "default basis against the judgment debtor on August 18, 1976", that the judgment creditor was willing to "set aside" the "default judgment" entered on August 18, 1976, and again proceed to trial in the matter on September 3, 1976, in the event the judgment debtor "appears in person" on that date, and in the event the judgment debtor did not appear on "September 3, 1976, at 9:00 o'clock A.M. in Division 6 of the District Court of Johnson County, Kansas" the judgment creditor would "move the Court for a default judgment which incorporates all of the specific judgments of the Court's decision on August 18, 1976."

A "default judgment"[1] as requested by the judgment creditor, supra, was rendered by the Judge of the District Court of Johnson County Kansas, on September 3, 1976. According to a "Certificate of Mailing" filed in the District Court of Johnson County, Kansas, a copy of said judgment entered on the 3rd day of September, 1976, was mailed on the same day by counsel for the judgment creditor to the judgment debtor at the latter's address in Kansas City, Missouri, and to the attorney representing the judgment debtor in the instant action at her address in Kansas City, Missouri. Recitals to the following effect are found in various recital portions of the September 3, 1976, judgment: (1) the judgment creditor appeared in person and by counsel on September 3, 1976; (2) the judgment debtor did not appear; and (3) albeit somewhat imprecisely stated, requisite notice of the hearing to be held on September 3, 1976, was given the judgment debtor.

In response to the judgment creditor's verified petition for registration, the September 3, 1976, Kansas judgment was registered in the Circuit Court of Jackson County, Missouri, on October 29, 1976. The judgment debtor attacked registration of

---

1. Under Missouri law, what has been repeatedly referred to as a "default judgment" in the Kansas divorce action would appear to be a misnomer. See *Donnell v. Vigus Quarries, Inc.,* 457 S.W.2d 249, 252 (Mo.App.1970), and *J. G.* *Jackson Associates v. Mosley,* 308 S.W.2d 774, 777 (Mo.App.1958), drawing a distinction between a default judgment and judgment entered against a non-defaulting defendant who simply fails to appear at a scheduled trial.

the foreign judgment on the grounds that (1) the setting aside of the August 18, 1976, judgment terminated the original cause of action and the judgment entered on September 3, 1976, constituted the rendition of a judgment in a new and different cause of action in which no personal service of process was obtained upon the judgment debtor, and (2) alternatively, the judgment debtor was never given proper notice of the September 3, 1976, hearing which culminated in the judgment ultimately registered in Missouri. Although the points relied on by the judgment debtor on appeal, literally speaking, are six in number, they are in fact multiple expressions of the same two grounds which the judgment debtor raised and relied on at the trial level.

By reason of the positive command of Art. IV, § 1, of the United States Constitution, full faith and credit must be given the judgment of a sister state in an action brought thereon in this state unless, with respect thereto, there was (1) a lack of jurisdiction over the subject matter, (2) failure to give due notice, or (3) fraud in the procurement or concoction of the judgment. *In re Veach,* 365 Mo. 776, 287 S.W.2d 753, 759 (banc 1956); *Mekelburg v. Whitman,* 545 S.W.2d 89, 90 (Mo.App.1976); *Corning Truck & Radiator Serv. v. J.W.M., Inc.,* 542 S.W.2d 520, 524 (Mo.App.1976); and *O'Neill v. Winchester,* 505 S.W.2d 135, 136 (Mo.App. 1974). Not only have the legally recognized grounds for refusing to give full faith and credit to the judgment of a sister state been tightly circumscribed, but compliance with the full faith and credit clause has also been strengthened by establishment of the principle that a presumption of validity attaches to the judgment of a sister state which an attacking party has the burden of overcoming. *Scott v. Scott,* 441 S.W.2d 330, 333 (Mo.1969); and *Corning Truck & Radiator Serv. v. J.W.M., Inc.,* supra, at 524.

The first ground pursued by the judgment debtor is totally without merit. The timeliness of vacating the August 18, 1976, judgment has not been questioned. Vacation of the August 18, 1976, judgment did not terminate or destroy the original divorce action as so vigorously urged by the judgment debtor. To the contrary, it remained pending and its status was as if no judgment had ever been rendered and the issues again stood ready for trial or other appropriate disposition. *Dimit v. Bradshaw,* 186 Kan. 220, 350 P.2d 131, 133 (1960); *Voth v. Thompson,* 178 Kan. 539, 289 P.2d 733, 736 (1955); *Shotzman v. Ward,* 172 Kan. 272, 239 P.2d 935, 940 (1952); and *Standard Life Ass'n v. Merrill,* 147 Kan. 121, 75 P.2d 825, 827 (1938). This matter is aptly summarized in *Standard Life Ass'n v. Merrill,* supra, 75 P.2d at 827: " 'Where a judgment is vacated or set aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as if no such judgment had ever been entered. No further steps can be legally taken to enforce the vacated judgment. *But the action is left still pending and undetermined, and further proceeding may be had and taken therein. The case stands again for trial or for such other disposition as may be appropriate to the situation.'* " (Emphasis added.) Consequently, new or additional personal service of process upon the judgment debtor was unnecessary to give the District Court of Johnson County, Kansas, jurisdiction over the judgment debtor's person on September 3, 1976, to render the judgment in question.

The second ground pursued by the judgment debtor, that he was never given prior notice of the September 3, 1976, hearing, is also totally without merit. Simply put, the judgment debtor in this particular respect, as well as in all other respects, failed to present sufficient evidence to rebut the presumption of validity favoring the September 3, 1976, judgment. *Scott v. Scott,* supra; and *Corning Truck & Radiator Serv. v. J.W.M., Inc.,* supra.

Judgment affirmed.

All concur.