IN THE MATTER OF FRANCIS G. DELANO.

St. Louis Court of Appeals, May 28, 1889.

1. **Habeas Corpus: CUSTODY OF CHILD.** The custody of a child should not be changed on *habeas corpus* during the pendency before another tribunal of a divorce suit which incidentally involves the question of such custody, and in contravention of the orders of such tribunal, unless it clearly appears that the child will sustain serious prejudice in its health or morals by remaining, even during the pendency of that suit, in the custody in which it is.

2. ———: ———. In a proceeding on *habeas corpus* the interest of the child is the paramount consideration, and, within the years of nurture, the custody of the mother is presumptively better for the child than that of the father.

*Chester H. Krum*, for the petitioner.

*Dinning & Byrns*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by *habeas corpus* in which Francis J. Delano seeks to recover from his wife, Catherine E. Delano, the custody of Francis G. Delano, a male child of their marriage, who is a little over three years of age. Mr. Delano is about thirty-five years of age, and Mrs. Delano perhaps younger. They were married in 1884. This boy was born February 10, 1886, and is the only child of their marriage. They lived together until July 3, 1888, when Mrs. Delano left their residence, which was then at a boarding house in St. Louis, and with the child went to the residence of her mother in Ironton, Missouri, as she had done in the summer of previous years. No intimation of her purpose to institute proceedings for a divorce against her husband was made to him at the time when she thus left him. On the twenty first of July he visited her at the residence of her mother at Ironton, and remained with her over Sunday. On the occasion of this visit she gave him no intimation of her purpose to institute such a proceeding against him. She gives as a reason for so doing that she had not made up her mind

to do so.   He made a second visit to her on or about the tenth of August, and was refused admittance to her mother's residence where she was.   On his return to St. Louis he received a notice of a divorce proceeding, instituted by her against him in the circuit court of Iron county, on the ground of indignities.   Such proceedings were had in the divorce case, which was heard before the Hon. JOHN L. THOMAS, judge of that circuit, that the petition was dismissed.   A motion for new trial was, however, made, and was pending at the time of our hearing the evidence in this proceeding.   Judge THOMAS refused, pending the proceeding for divorce, to change the custody of the child, but allowed Mr. Delano the privilege of visiting it and taking it out once a week.

No charge is made by either party against the fitness of the other to have the custody of the child, with this exception : The learned counsel for the petitioner has pressed upon us the argument, founded on some evidence which was heard, that the proceeding for divorce was entirely unjustifiable, and was taken under circumstances such as indicated that the mental characteristics of the mother, or her surroundings, or both, show that her custody of the child is not a suitable custody.   On the other hand, it is shown that the mother is a lady who has always borne the highest character in the community in Iron county, where she was raised; that her mother is likewise a lady of good character, and that both she and her mother are in good circumstances.   It appears, without controversy, that Mrs. Delano has considerable property, and that she enjoys an income of about fifty dollars a month.   It further appears that her attention to the child has been most devoted and judicious, all that could be expected in the best of mothers.   The evidence also shows that Mr. Delano is a young man thirty-five years of age, of good character, and in moderate circumstances, but no doubt able properly to care for and rear the child.   At present he boards in St. Louis, together with his mother

and sister.   His mother is about seventy-five years of age, and somewhat feeble.   His sister is a maiden lady, about forty years of age, who has taught in the public schools, who is shown by the evidence to have had considerable experience in the care of young children, and who, from the evidence, and also from her appearance and demeanor on the witness stand, we take to be a lady of culture, of excellent judgment and of the best character.

Under these circumstances we take it that it is our duty to leave the child in the custody of this mother. Our view is that, where a proceeding for divorce which incidentally involves the question of the custody of a child of the marriage is pending before a court of competent jurisdiction, the *interim* custody of the child should not be changed, in contravention of the orders of such court, by another court, on *habeas corpus*, unless it clearly appears to such other court that the child will sustain serious prejudice in its health or morals by remaining, even during the pendency of the divorce proceeding, in the custody where it is.   The evidence in this case furnishes ground for no such fears, but, on the contrary, shows conclusively that the present custody of the child is a suitable and proper custody.   While we were not impressed with so much of the evidence as was given before us in behalf of the respondent touching the grounds on which she was prosecuting this divorce proceeding, we think it proper to say that we declined to go into this subject fully, and we do not wish to be understood as expressing an opinion on the question whether Mrs. Delano was justifiable in instituting that proceeding, especially in view of the fact that it is still pending on a motion for new trial before the circuit court of Iron county.   On the other hand, we were not impressed with the argument that the fact that Mrs. Delano left her husband's home, taking the child with her, without apprising him of her intention to institute a suit for divorce, and that she did not apprise him of such intention at the time of his first visit to her at the

residence of her mother after she had thus left him, indicates an unfitness in her to have the custody of this child. The wife is under the dominion of her husband, —is to a great extent subject to him, legally, physically and morally. Deception is more or less the refuge of the weak and subject, and the employment of it does not, under all circumstances, imply a defect of moral character. If a wife, who finds her continued cohabitation with her husband intolerable, and who desires to quit his abode and take with her an infant child of marriage and to institute a divorce proceeding, apprises her husband of her purpose before doing so, she knows that she will be, by reason of that very fact, restrained from taking the child with her. And then as to the fact that Mrs. Delano did not inform her husband of her purpose at the time when he visited her on the twenty-first of July at her mother's residence in Iron county, we are justified in crediting the excuse which she offers, that at that time she had not fully made up her mind to commence the proceeding. In these painful cases much can generally be said on both sides; but in this case we are able to state that the evidence happily casts no imputation upon the character and good conduct of either of the spouses, and affords no reason why they should not hereafter resume their marital relations and live happily together.

But our duty under the law is clear. We should not exercise our jurisdiction to invade or displace that of the circuit court of Iron county, where the question of the custody of this child is still pending. Nor should we remove a child of the tender years of this one from the custody of its mother. It has become a settled principle in the jurisprudence both of England and America that the interest of the child in proceedings of this kind is the paramount consideration, and that, within the years of nurture, the custody of the mother is presumptively better for the child than that of the father. Nothing can measure the love of a mother for

her tender offspring, and no other woman, however well qualified for such a task, can, in the care and rearing of a child of tender years, fill the place of a well-qualified mother.

The judgment of the court is that this infant, Francis G. Delano, be remanded to the custody of the respondent, Catherine E. Delano. All the judges concur.