**STATE ex rel. Louis Garday LACKEY, Relator,**

v.

**Honorable Robert G. J. HOESTER, Judge, Division 8, St. Louis County Circuit Court, Respondent.**

**No. 42011.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1980.

A. L. Tidlund, Kirkwood, for relator.

David J. Kueter, Florissant, Baine, Edwards & Wideman, Clayton, for respondent.

REINHARD, Judge.

This is an original proceeding in prohibition filed by husband. Husband filed a petition for dissolution of marriage. He alleged that the parties were married in May 1979. He further alleged that one child was born of the parties prior to their marriage, and "that the paternity of said child is in the Petitioner and that Respondent has acknowledged the same and *that the custody of said child* is in the Petitioner and that it is in the best interests of said child that said custody remain permanently with Petitioner." [emphasis added].

In the wife's answer, she denies that her husband is the father of the child and that he had custody at the time he filed the petition for divorce. The dissolution case is pending in Division 17 of the Circuit Court of St. Louis County, Missouri.

Subsequent to the filing of the answer in the dissolution proceedings, wife filed a Petition for a Writ of Habeas Corpus in the Circuit Court of St. Louis County, Missouri, claiming that the husband had removed the custody of the child from her on the date he filed the petition, and that he was not the father of the child, therefore, she claimed husband illegally and unlawfully detained the child in violation of her rights as the natural mother. In husband's return, he contends that the court is without jurisdiction to continue with the habeas corpus proceeding because the court in which the dissolution proceedings is pending has exclusive jurisdiction. The writ was issued by the presiding judge and assigned to the judge of Division 8 to be heard. The judge of that court refused to quash the writ contending that he had jurisdiction. Husband filed the petition for writ of prohibition and we issued the preliminary writ.

The parties apparently agree that in the absence of the paternity issue the dissolution court would have exclusive jurisdiction over the issue of custody of the child. Section 452.310 RSMo. 1978 provides:

3. In listing the names, ages, and addresses of any living children of the mar-

riage, the party filing the petition shall state which party has actual custody of any minor children, and, *upon* the *filing* of the *petition, all* unemancipated, unmarried *minor children* shall *come under the immediate jurisdiction of the court in which the action is filed.* Thereafter, *until permitted to do so by order of the court, neither party shall remove such minor children from the jurisdiction of the court nor from the care and custody of the party which has custody* of the children *at the time the action is filed.* [emphasis original].

The statute clearly states that all unemancipated, unmarried minor children of the marriage shall come under the jurisdiction of the court upon the filing of the petition.

It has been held in Missouri for years that where one court has acquired jurisdiction of the issue of custody of a minor child in his parents' divorce action, that jurisdiction is exclusive. Another court cannot thereby acquire jurisdiction in a habeas corpus proceeding. *State v. Smith*, 206 S.W.2d 558 (Mo. banc 1947). This line of cases began with *In re Delano*, 37 Mo.App. 185 (1889) wherein the court said:

> Under these circumstances we take it that it is our duty to leave the child in the custody of this mother. Our view is that, where a proceeding for divorce which incidentally involves the question of the custody of a child of the marriage is pending before a court of competent jurisdiction, the interim custody of the child should not be changed, in contravention of the orders of such court, by another court, on habeas corpus  .   .   . ."

*Id.* at 187.

Although respondent has not supplied us with a brief, a careful reading of his return filed in our court, along with the wife's Suggestions in Support of Writ of Habeas Corpus filed in the trial court, reveals only one real disputed issue: whether the court acquires exclusive jurisdiction over a child when a petitioner alleges in the petition for dissolution that the child was born prior to the marriage but is a child of the parties. At the time the judge of Division 8 was confronted with this issue, the issue had never been determined by an appellate court. However, in *C.B.F. v. H.F.*, 592 S.W.2d 279, (Mo.App.) we determined that under Chapter 452, the court had jurisdiction in a dissolution case to determine paternity and legitimacy of a child allegedly born to the parties before the marriage. There, we said:

> We find the change in language from 'children' to 'children of the marriage' does not affect the trial court's jurisdiction to determine the issue of legitimacy. Before January 1, 1974[1] a divorce court clearly had jurisdiction to decide the issue of legitimacy of children born prior to the marriage as is demonstrated in *T. v. T.*, 447 S.W.2d 795 (Mo.App.1969). In *T. v. T.*, the wife needed to prove legitimation so as to justify a child support order. We do not believe the change from 'children' to 'children of the marriage' affects the right of a party in a divorce proceeding to demonstrate that a child is legitimate. If the proof of legitimacy is established pursuant to § 474.070 we believe the child becomes a 'child of the marriage' regardless of when he/she was born. [footnote omitted].

*Id.* at 281.

Here, the husband's pleadings alleged that the child was born prior to marriage, that he had acknowledged that it was his child, and that he had custody. The dissolution court had exclusive jurisdiction to determine these issues and the final custody of the child. The dissolution court has sufficient power to make such interim orders concerning the welfare of the child during the pending of the case. The statute does not freeze the custody of the child with the petitioner in a dissolution case. It merely requires a court order before temporary custody is changed.

Because the judge of Division 8 has no jurisdiction to proceed in this matter, the preliminary writ is made absolute.

DOWD, P. J., and CRIST, J., concur.