**Jack Thompson KILGORE, Appellant,**

v.

**Ilene Annette KILGORE, Respondent.**

**No. WD34451.**

Missouri Court of Appeals,
Western District.

Feb. 14, 1984.

Jere L. Loyd, St. Joseph, for appellant.

Michael L. Taylor, St. Joseph, for respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

NUGENT, Judge.

Plaintiff, Jack Thompson Kilgore, obtained a Texas decree of divorce and custody, and attempted to register and enforce the decree pursuant to § 511.760 and Rule 74.79 (Missouri adoption of the Uniform Enforcement of Foreign Judgments Act), and §§ 452.500 and 452.510.[1] (Missouri's adoption of the Uniform Child Custody Jurisdiction Act is found in §§ 452.440–452.-550). Upon plaintiff's motion for judgment on the pleadings, the Circuit Court of Daviess County denied registration and enforcement of the Texas divorce and custody decree and plaintiff appeals.

Plaintiff Jack Thompson Kilgore and defendant Ilene Annette Kilgore were married in June, 1980, in Troy Kansas, and became the parents of Jack Thompson Kilgore, Jr., on January 17, 1981. On about December 26, 1981, defendant mother separated from plaintiff husband and took the minor child with her. She filed a petition for dissolution of marriage and custody of the child in Daviess County, Missouri, on March 25, 1982. In the petition, she stated that the child was in her custody when the petition was filed. The record does not indicate service upon the father.

On April 1, the father filed a petition for divorce in the District Court of Dallas County, Texas, and service was had on defendant mother. In his petition he stated that he had resided in Texas for the preceding six months, that Ilene Kilgore abandoned the marriage in January of 1982, that she removed the child from Texas, and that she and the child reside in Missouri. He also stated that "[n]o other court has continuing exclusive jurisdiction of a suit affecting the parent-child relationship with respect to the child."

On August 9, 1982, the Texas court tried the father's case on the merits. He appeared, but the defendant mother failed to appear. The Texas court issued a final decree of divorce appointing the father managing conservator of the child. That decree recited that "after examining the pleading and listening to the evidence and arguments of counsel [the court] finds that it has jurisdiction over this cause, the parties and the minor children, pursuant to the Texas Family Code and precedent presented by petitioner's attorney." Although the court specifically recited that at the time the suit was filed the plaintiff father had been a domiciliary of Texas for the preceding six months, no such finding appears as to the child.

On September 3, 1982, plaintiff filed a two count petition in Daviess County, Missouri. In Count I, he sought recognition of the Texas dissolution and custody decree pursuant to Rule 74.79 and §§ 452.500 and 452.510. In Count II, plaintiff sought a writ of habeas corpus pursuant to Supreme Court Rule 91. Plaintiff asked that the writ be directed to defendant mother ordering that she deliver the child. The petition alleged that the State of Missouri was bound to recognize the Texas decree regarding the custody of the child, pursuant to § 452.500, as Texas had assumed jurisdiction under Title 2 of the Texas Family Code, § 11.045, a statutory provision substantially similar to the jurisdictional provisions of §§ 452.440 to 452.500. Plaintiff also alleged that the Texas court entered its decree under factual circumstances meeting the jurisdictional standards of §§ 452.440 to 452.500.

On September 28, defendant mother filed her answer to petition for registration of foreign judgment and return to writ of habeas corpus. For her answer to Count I,

1. All sectional references are to Revised Statutes of Missouri, 1978, unless otherwise indicated, and all Rules referred to are Rules of the Supreme Court of Missouri.

she admitted that the Texas court had purportedly entered a final decree of divorce on August 9, 1982, but she alleged that it had no "jurisdiction to enter an order concerning child custody in that the requirements of § 11.045 of the Texas Family Code did not exist" at the time of plaintiff's filing for divorce in Texas. Defendant mother also alleged that at the commencement of the action in Texas she and the child were residents of Missouri, that she had filed her petition for dissolution in Daviess County on March 25, 1982, and that plaintiff Jack Kilgore knew of the earlier Missouri action. She also alleged that the "Texas [c]ourt was without jurisdiction to enter an order concerning child custody in that the requirements of § 11.045 of the Texas Family Code did not exist at the time of the filing by petitioners [sic] action for divorce in Texas," and that the "judgment obtained by petitioner as to the custody of said minor child was not entitled to recognition under § 452.500 in that there had been no showing that the Texas court acted in conformity with" the jurisdictional provisions of Missouri's U.C.C.J.A. In her return to the writ of habeas corpus, she alleged that she legally had the child in her custody on several grounds, one of which was that the defendant had no judgment of custody of the child which was enforceable in the State of Missouri.

On October 19, 1982, plaintiff filed an answer to the mother's return to writ of habeas corpus in which he denied every allegation contained in defendant's return to the writ, except that plaintiff admitted that defendant had the child in her custody.

On October 29, 1982, plaintiff filed a motion for judgment on the pleadings pursuant to Rule 55.27(b), alleging that defendant's answer and return to writ admitted all of the facts alleged in plaintiff's petition and that the facts set forth in defendant's answer and return to writ were insufficient in law to constitute a defense. In his suggestions in support of his motion, plaintiff admitted that defendant filed a petition for dissolution in Missouri prior to his filing in Texas, but argued that this fact did not excuse the court from enforcing the Texas decree. Plaintiff also contended in his suggestions that the plaintiff, defendant, and child lived in Texas until December 26, 1981, when defendant left Texas with the child. Defendant argued that Texas properly exercised jurisdiction over the child pursuant to § 11.045 of the Texas Family Code. Plaintiff stated that the pleadings raised no question of fact and that "the only significant issue before the court is whether pursuant to § 452.500 R.S.Mo., the court 'assumed jurisdiction under statutory provisions substantially in accordance with §§ 452.440 to 452.500, or which was made under factual circumstances meeting the jurisdictional standards of §§ 452.440 to 452.500 ....'" § 452.500.

On December 7, 1982, the circuit court entered the following judgment:

Now on this 7 day of December, 1982, the Court having reviewed the Petitioner's Petition for Registration of Foreign Judgment and Writ of Habeas Corpus and having reviewed Respondent's Answer to Petition for Registration of Foreign Judgment and the Return to Writ of Habeas Corpus the Court, after reviewing the pleadings and upon submission of the matters to the court by the parties upon the pleadings finds that;

1. The issues contained in Count I of Petitioner's Petition for Registration of Foreign Judgment and for Writ of Habeas Corpus are hereby found in favor of the Respondent and therefore the Petitioner is denied any relief thereunder whatsoever.

2. As to Count II of Petitioner's Petition for Registration of Foreign Judgment and for Writ of Habeas Corpus, the Court finds the issues joined therein in favor of the Respondent, and, therefore denies the Petitioner any further relief thereunder.

3. The Court assessed the cost of this matter against the Petitioner.

Plaintiff appeals from that judgment contending that the trial court erred in denying his motion for judgment on the pleadings in which he sought recognition and enforcement of a Texas custody decree. Courts have repeatedly held that a denial of a judgment on the pleadings and an overruling of a motion for summary judgment are not final appealable orders. *E.g., Wilson v. Hungate*, 434 S.W.2d 580, 583 (Mo.1968); *Desloge v. Desloge*, 617 S.W.2d 486, 487 (Mo.App.1981); *Guthrie v. Reliance Construction Co.*, 612 S.W.2d 366, 368 (Mo.App.1980).

The court here did not, however, merely deny plaintiff's motion for judgment on the pleadings; it entered a final judgment in favor of the defendant mother. Thus, the judgment was appealable. Plaintiff incorrectly states the basis of his appeal, though, by complaining that the trial court denied his motion for judgment on the pleadings. His complaint should be based instead on a claim that the trial court erred in entering judgment in favor of the defendant. The court here, however, could have properly treated plaintiff's motion for judgment on the pleadings as one for summary judgment, *Union Electric Company v. Public Service Commission*, 591 S.W.2d 134 (Mo.App.1979); *Want v. Leve*, 574 S.W.2d 700 (Mo.App.1978); Rule 55.27(b), and thus could have entered judgment in favor of the non-moving party, the defendant. Rule 74.04(c). But such a judgment is appropriate only if the record shows that no genuine issue as to any material fact appears and that the opposing party is entitled to judgment as a matter of law. *See, e.g., State* ex rel. *Boyer v. Stussie*, 592 S.W.2d 269 (Mo.App.1979).

The record in this case indicates that genuine issues as to material facts do indeed exist and that neither party is entitled to judgment as a matter of law. The trial court's entry of judgment in favor of the defendant mother must therefore be reversed and the case remanded.

Plaintiff attempted in this case to enforce his Texas divorce and custody decree both by means of the Uniform Enforcement of Foreign Judgement Act, Rule 74.79, and the Uniform Child Custody Jurisdiction Act, §§ 452.440—452.500. The Uniform Enforcement of Foreign Judgment Act facilitates enforcement of a judgment in the state where registered. The procedure provided for under Rule 74.79 is the filing by the plaintiff of a petition to register his judgment which requires only that the judgment be authenticated to show its validity in the state where it was obtained and the record of any proceedings subsequent to the judgment. The rule further states that "[i]f the judgment debtor fails to plead within thirty days after jurisdiction over his person has been obtained, or if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment of the court in which it is registered." Rule 74.79(g). If, however, a defense which under the law of this state may be asserted by the defendant in an action on the foreign judgment is presented by pleadings filed within thirty days after personal jurisdiction is acquired, then "the issues raised thereby shall be tried and determined as in other civil actions." Rule 74.79(h). The latter subsection must be read in conjunction with 74.79(j) and (k) which provide that:

(j). Order Setting Aside Registration-Final Judgment. An order setting aside a registration constitutes a final judgment in favor of the judgment debtor.

(k). Appeal. An appeal may be taken by either party from judgment or order sustaining or setting aside a registration on the same terms as an appeal from a judgment or order of the same court.

These two subsections ordinarily apply where the defendant has raised valid defenses pursuant to 74.79(h) and the court issues an order or judgment after *trying* the issues raised by the defendant. Thus, absent affirmative pleading of a defense,

no trial is required in the registration of a foreign judgment, *First National Bank of Colorado Springs v. Mark IV Co.*, 591 S.W.2d 63 (Mo.App.1980), and the registered judgment becomes a final judgment in the court in which it is registered. But, if a defendant pleads a valid affirmative defense, the issues raised must be tried before a judgment or order may be entered.

 Although the U.C.C.J.A. contains no explicit provision that allows a defendant an opportunity to raise defenses to plaintiff's attempt to enforce his judgment, as does the Uniform Enforcement of Foreign Judgment Act, (Rule 74.79(h)), cases are legion in which a hearing has been held to determine whether or not the foreign custody decree must be enforced. *See, e.g., Dobyns v. Dobyns*, 650 S.W.2d 701 (Mo.App.1983), *J.C.S. v. D.M.S. and D.D.*, 277 Pa.Super. 612, 419 A.2d 1319 (1980). Also, the U.C.C.J.A. implies that a hearing must be held. § 452.500 states that:

> The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with sections 452.440 to 452.550, or which was made under factual circumstances meeting the jurisdictional standards of sections 452.440 to 452.550, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of sections 452.440 to 452.550.

If the defendant alleges facts which indicate that the rendering court did not assume jurisdiction in accordance with the Act, then the issue of whether that court did in fact have jurisdiction must be tried in order to determine whether the rendering court's decree must be recognized and enforced.[2]

 Here, the plaintiff filed his petition and certified copy of the Texas decree attempting to obtain recognition and enforcement of that decree in Missouri. Defendant answered within thirty days and contested the subject matter jurisdiction of the Texas court—a proper defense under the laws of this state. *Bastian v. Tuttle*, 606 S.W.2d 808, 809 (Mo.App.1980); *Flieder v. Flieder*, 575 S.W.2d 758, 760 (Mo.App. 1978); *Corning Truck & Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524 (Mo. App.1976); Rule 74.70(h). Defendant's answer alleged:

1. ... The respondent further states that the [Texas] Court was without jurisdiction to enter an order concerning child custody in that the requirements of § 11.045 of the Texas Family Code did not exist at the time of the filing of the petitioners [sic] action for divorce in Texas.

2. That at the time of the commencement of the action in Texas, respondent had actual physical custody of the minor child, Jack Thompson Kilgore, Jr., and both respondent and the minor child were residents of the state of Missouri. In addition, at the time of the filing of petitioner's divorce action in Texas, respondent had already filed her petition for dissolution of marriage in Daviess County, Missouri, a certified copy of which is attached hereto and incorporated herein by this reference and that as a result, respondent had and has legal custody of the said minor child pursuant to the provisions of § 452.310 R.S.Mo.1978.

3. That the judgment obtained by petitioner as to custody of the said minor child is not entitled to recognition under § 452.500 R.S.Mo.1978, in that there has been no showing that the Texas court acted in conformity with the provisions

---

2. The implication that a hearing must be held if the defendant contests jurisdiction may also be derived from § 452.550:

Priority.

Upon the request of a party to a custody proceeding which raises a question of exist-ence or exercise of jurisdiction under sections 452.440 to 452.550, determination of jurisdiction shall be given calendar priority and handled expeditiously.

of § 452.465 R.S.Mo. 1978, in spite of the part [sic] that petitioner, through his Missouri attorneys, had knowledge of the existence of the previous Missouri proceeding.

Various statutes must be examined to determine whether the defendant's answers create factual issues which require a hearing thus preventing judgment as a matter of law in favor of either plaintiff or defendant.

■ Missouri courts are required under § 452.500 to recognize and enforce a custody decree of a court of another state if the other state "had assumed jurisdiction under statutory provisions substantially in accordance with §§ 452.440 to 452.550," or if the decree of the other state "was made under factual circumstances meeting the jurisdictional standards of §§ 452.440 to 452.550 ...." § 452.500. *Cf. Dobyns v. Dobyns, supra. Cf. also* 28 U.S.C. 1738A (Supp.1983), an act entitled "Full faith and credit to custody determinations."[3]

Section 452.450.1 provides four bases for jurisdiction to determine child custody.

452.450. Jurisdiction.

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and;

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

2. Except as provided in subsections (3) and (4) of subsection 1 of this section, physical presence of the child, or of the child and one of the litigants, in this state is not sufficient alone to confer jurisdiction on a court of this state to make a child custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

Section 452.445(4) defines "home state" as follows:

"Home state" means the state in which, immediately preceding the filing of cus-

---

**3.** Section 1738A, enacted December 28, 1980, requires *recognition of custody decrees by foreign states.* Its provisions are similar but not identical to many of the provisions of the U.C.C. J.A. Because Missouri's adoption of the U.C.C. J.A. requires recognition in *more* circumstances than does the federal enactment of the U.C.C. J.A. (compare § 1738A(a) and (c) with §§ 452.500 and 452.450), Missouri's statutes are in compliance with the federal statutes and we address only the Missouri enactment of the U.C.C.J.A.

tody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period; ....

On appeal, plaintiff contends that he is entitled to judgment as a matter of law, and defendant contends that she is entitled to judgment as a matter of law.

Defendant concedes in her brief that § 11.045 of the Texas Family Code, which sets out jurisdictional bases for custody determinations, is substantially similar to the jurisdictional bases of § 452.450. § 11.045 of the Texas Family Code is as follows:

§ 11.045. Original Jurisdiction

(a) A court has original jurisdiction of a suit affecting the parent-child relationship, whether or not the child is physically present in the state, only if one of the following conditions is met:

(1) this state:

(A) is the principal residence of the child at the time the proceeding is commenced; or

(B) was the principal residence of the child at any time during the six-month period before the proceeding was commenced, and a parent or person acting as parent resides in this state at the time the proceeding is commenced; or

(2) it is in the best interest of the child that a court of this state assume jurisdiction because:

(A) the child and the child's parents or the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(B) the child is physically present in this state and there is a serious immedi-

ate question concerning the welfare of the child; or

(C) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with this section, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine issues concerning the child.

(b) The physical presence in this state of the child or of the child and one of the contestants is alone insufficient to confer jurisdiction to the court to make a determination under this subtitle.

Defendant contends, however, that plaintiff has not shown that Texas assumed jurisdiction in compliance with any of the requisite jurisdictional bases of § 452.450 nor shown that the decree was made under factual circumstances meeting those bases. In fact, neither plaintiff's petition for divorce and custody nor the Texas decree recites facts sufficient to indicate that jurisdiction over the child was had in compliance with § 452.450. Plaintiff alleged in his petition that *he* had been a resident of Texas for the preceding six months, but he did not allege that Texas had been the *child's* "home state" within six months preceding the commencement of the action, that is, that the child had lived in Texas with him or with him and his wife for at least six consecutive months. Nor did plaintiff make any other factual allegations concerning the child which would allow Texas to assume jurisdiction in compliance with any of the other U.C.C.J.A. jurisdictional requisites. *See* § 452.450.1(2)–(4), *supra*. The Texas decree is also void of any factual recitation to substantiate its finding of jurisdiction over the child. While the decree states that the plaintiff father had been a domiciliary of Texas for the preceding six months, it states no factual basis for exercising jurisdiction over the child. Defendant concludes that because neither the petition nor the decree contains assertions of fact that the Texas court assumed jurisdic-

tion under statutory provisions in accordance with those found in §§ 452.410 to 452.550, and because nothing indicates that the decree was issued under factual circumstances meeting the jurisdictional standards of those sections, a Missouri court, as a matter of law, is not required to recognize or enforce the Texas divorce decree insofar as it purports to award custody of the parties' child to plaintiff. '

■■■■ Defendant's conclusion is wrong. The law is well settled that a judgment entered by a foreign court is presumed to be a judgment in a matter in which the court had jurisdiction over the parties and the subject matter, and the burden is on the person resisting recognition of such a judgment to present evidence sufficient to rebut that presumption. *In re K.P.B.*, 625 S.W.2d 692, 694 (Mo.App.1981); *Flieder v. Flieder, supra,* at 760; *Corning Truck and Radiator Service v. J.W.M., Inc., supra,* at 524. Once a decree has been rendered, defendant cannot sustain that burden by pointing out on appeal the absence of factual recitations in the record to substantiate the Texas court's finding of jurisdiction over the child.

On the other hand, defendant's answers to plaintiff's petition to register the Texas decree were sufficient to prevent judgment in favor of the plaintiff. Although defendant's answers are far from ideal fact pleading and indeed border on mere pleading of conclusions, we believe that they ought to be deemed to raise issues of fact which must be tried. While defendant's answers clearly do not establish as a matter of law that the Texas court lacked jurisdiction, her allegation that the "requirements of §11.045 of the Texas Family Code did not exist at the time of the filing of the petitioners [sic] action for divorce in Texas" is sufficient to raise issues of fact concerning the jurisdiction of the Texas court. Thus, both parties must be given an opportunity to present evidence concerning the jurisdiction of the Texas court.

From the record before us, we cannot say as a matter of law whether or not the Texas court assumed jurisdiction substantially in conformity with §§ 452.440—452.550 or whether the decree was made under factual circumstances meeting those jurisdictional standards. Therefore, we cannot determine as a matter of law whether Missouri must recognize and enforce the Texas decree. § 452.500. If on remand the court finds that Texas did assume jurisdiction in compliance with the jurisdictional standards of the U.C.C.J.A., then Missouri must recognize the decree. § 452.500, 28 U.S.C. and 1738A(a) (Supp.1983).

■■■■ Defendant's contention that Missouri was not required to recognize or enforce the Texas decree pursuant to § 452.310.3 is without merit. That statute provides:

In listing the names, ages, and addresses of any living children of the marriage, the party filing the petition shall state which party has actual custody of any minor children, and, upon the filing of the petition, all unemancipated, unmarried minor children shall come under the immediate jurisdiction of the court in which the action is filed....

Defendant, relying on *State* ex rel. *Lackey v. Hoester,* 599 S.W.2d 272 (Mo.App.1980), argues that upon filing a dissolution petition in which the minor children are named, § 452.310.3 grants exclusive jurisdiction over the children to that Missouri court. Defendant mother filed her petition for dissolution in Missouri on March 25, 1982. The petition stated the name, age and address of the child, and named the party (the mother) who had actual custody of the minor child, prior to plaintiff husband's filing for dissolution in Texas. Defendant thus concludes that Texas never acquired jurisdiction over the child because Missouri had exclusive continuing jurisdiction pursuant to § 452.310.3. We cannot agree. In the first place, § 452.310.3 has never been held to confer exclusive jurisdiction in Missouri courts in opposition to foreign courts attempting to exercise jurisdiction. *See State* ex rel. *Lackey v. Hoester, supra;*

*Urbanek v. Urbanek,* 503 S.W.2d 434 (Mo. App.1973). Secondly, § 452.310.3 must be read in connection with § 452.305.1(1). The conferral of jurisdiction over the minor children pursuant to § 452.310.3 is contingent upon whether the court has jurisdiction to consider a petition for dissolution under § 452.305.1(1).

■ The circuit court has jurisdiction to consider a petition for dissolution if "[t]he court finds that one of the parties has been a resident of this state, ... for ninety days next preceding the commencement of the proceeding ...." § 452.305.1(1). If such petition lists the name, ages and addresses of any living children of the marriage, and states which party has custody of any minor children, then upon the filing of the petition, Missouri's requirements for jurisdiction over the minor children are satisfied. § 452.310.3. Although defendant alleged in her petition for dissolution that she had "been a resident of Missouri for more than (90) days preceding the filing of the petition," which was filed on March 25, 1982, she stated in her appellate brief that she separated from her husband on December 26, 1981. While defendant does not state *where* she was living prior to December 26, 1981, plaintiff, in his suggestions in support of his motion on the pleadings stated that he and defendant resided in Texas prior to their separation. If the defendant did in fact reside in Texas prior to December 26, then her filing on March 25 was premature. Even if we assume that she began residing in Missouri on the same day she left Texas, December 26, the March 25 filing was one day early. Under § 452.-305.1(1), the circuit court has jurisdiction if one of the parties has resided in Missouri "for ninety days *next preceding* the commencement of the proceeding." Because of plaintiff's allegation that defendant resided in Texas prior to December 26, we cannot say as a matter of law that Missouri ever had jurisdiction over defendant's petition for dissolution.

Even if the trial court finds on remand that defendant had resided in Missouri for ninety days (but not six months) prior to filing her petition for dissolution, the Missouri court may not refuse to enforce the Texas decree by relying solely on that finding and § 452.310.3.

As we have explained above, § 452.450 sets forth four bases for jurisdiction. Even if one of the four bases exists, however, § 452.465(1) prevents the court from exercising jurisdiction if certain conditions exist:

> A court of this state shall not exercise its jurisdiction under sections 452.440 to 452.550 if, at the time of filing the petition, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with sections 452.440 to 452.550, unless the proceeding is stayed by the court of that state for any reason.

Under that section, Texas would only have been required to abstain from exercising jurisdiction *if* Missouri had exercised its jurisdiction in conformity with §§ 452.-440 to 452.550. If Missouri did not assume jurisdiction in compliance with those sections when defendant mother filed her petition on March 26, then Texas still could have exercised jurisdiction in conformity with §§ 452.440 to 452.550, and Missouri would be required to recognize and enforce such decree. § 452.500 and 28 U.S.C. § 1738A(a) (Supp.1983).

If, however, defendant can show on remand that at the time the Texas petition was filed, Missouri was already exercising jurisdiction substantially in conformity with §§ 452.440–452.500, then Missouri will not be required to enforce the Texas decree. Texas' exercise of jurisdiction in those circumstances would not be in substantial conformity with the jurisdictional standards of the U.C.C.J.A., specifically, the limitation on jurisdiction set out in § 452.465(1) (pertaining to simultaneous proceedings in other states), and thus Missouri would not need to enforce the Texas decree. § 452.500.

Although a court is presumed to have jurisdiction when a judgment has been rendered, *In re K.P.B., supra,* that court is not necessarily presumed to have acquired jurisdiction with the mere commencement of an action. In the facts of this case, we may not presume that Missouri exercised jurisdiction in conformity with the U.C.C.J.A. Defendant merely filed her petition on March 25, and her petition failed to provide the information required by § 452.480 (Supp.1982) as to the *places* where the child has lived within the last five years. The petition also lacks any facts sufficient to allow Missouri to assume jurisdiction in conformity with any of the other bases for jurisdiction set out in the U.C.C.J.A. Finally, no evidence exists that notice was given the plaintiff pursuant to § 452.460 (Supp.1982). Thus, on remand defendant must prove that facts sufficient to satisfy the jurisdictional bases of § 452.-450 existed when she filed her petition in Missouri and that notice was given plaintiff "in a manner reasonably calculated to give actual notice," that is, in conformity with § 452.460 (Supp.1982). The latter provision requires that a plaintiff take all appropriate action to cause process to be served on the defendant or other "actual notice" of the proceeding be conveyed to the defendant without undue delay. § 452.460 demands no more, and proof of actual service of process or notice will not be required to show compliance with § 452.460 in such cases.

If, therefore, defendant can prove those things, including the fact that in her case she had taken action in Missouri to give notice to the father before he took such action in Texas, then Missouri will not be required to enforce the Texas decree, even if plaintiff proves that one of the jurisdictional requirements of § 452.450 existed when he filed his Texas action because, as we have said, Texas could acquire no jurisdiction in this case if at the time plaintiff filed his action in Texas an action "concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with §§ 452.440 to 452.550 ...." § 452.465.

For the foregoing reasons, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.

All concur.