In the Interest of Michael BELL, Glenda Foster & Duane Foster, Appellants,

v.

Kevin BELL, Respondent.

No. WD 35798.

Missouri Court of Appeals, Western District.

Dec. 18, 1984.

Roger Merrill Driskill, Richmond, for appellants.

Steven Douglas Wolcott, Gladstone, for respondent.

Before TURNAGE, C.J., MANFORD and MESSINA, Special Judge.

MANFORD, Judge.

This appeal follows the entry of a circuit court judgment in the form of an order denying registration of a foreign judgment. The judgment is affirmed.

While formally a sole point is presented generally charging that the circuit court erred in denying registration of a foreign judgment, there is to be found within that generally charged error two specific issues which allegedly support the error charged. These are (1) that Kansas was the proper legal forum for litigation of the issue of custody of the minor child under the Uniform Child Custody Jurisdiction Act (UCCJA) and (2) that the Kansas decree should be accorded full faith and credit.

In summary, the facts are as follows. Ronda and Kevin Bell were married in October, 1979. They are the natural parents of minor Michael Bell, born in August, 1980. The Bells generally lived in Missouri. In April, 1981, the marriage was dissolved in Ray County, Missouri, custody of Michael was awarded Ronda, and Kevin Bell was granted visitation. In April, 1982, Ronda, along with the minor Michael, moved to Atchison, Kansas. On November 11, 1983, Rhonda Bell was murdered. The details of her death are not disclosed upon this record and do not pertain to the disposition of this appeal. At the precise time of her death, the minor Michael, in accordance with the grant of visitation, was with his father, respondent Kevin Bell. Kevin Bell had continued his residency in Missouri. Subsequent to the death of Ronda, the minor Michael remained with his father, Kevin Bell.

On November 18, 1983, the maternal grandparents of Michael Bell, Glenda and Duane Foster, filed an action seeking custody of the minor, Michael Bell, in the District Court of Atchison County, Kansas. On the same day (November 18, 1983), Kevin Bell filed a motion to modify the dissolution decree to affix custody of Michael in Kevin Bell. This motion was filed in the circuit court of Ray County, Missouri. Kevin Bell was personally served in the Kansas proceedings on December 23, 1983. On the day before service (December 23, 1983), an attorney for Kevin Bell, by letter, advised the Kansas District Court of Kevin Bell's refusal to enter any appearance in the Kansas proceedings. On January 11, 1984, the Kansas District Court ordered custody of Michael to appellants, Glenda and Duane Foster. On January 19, 1984, appellants filed the Kansas judgment with the circuit clerk of Ray County, Missouri. On the 15th day of March, 1984, the circuit court of Ray County, Missouri entered its order judgment, finding that the Kansas judgment was not final relative to the custody of the minor, Michael and that the Kansas judgment was thus not recognized, and denied appellant's petition for the registration of the foreign (Kansas) judgment. This appeal followed.

The disposition of this matter turns upon the consideration of the Uniform Child Custody Jurisdiction Act. Missouri has adopted the UCCJA and the provisions of same are found in §§ 452.440–452.550, RSMo 1978. For reference, the adoption of the UCCJA by Kansas is to be found in § 38–1301–1335 K.S.A. (1983 Supp.).

Attention is now directed to point (1) above, charging that Kansas was the proper legal forum under the UCCJA.

Since adoption of the UCCJA, "Missouri courts are required under § 452.500, RSMo 1978 to recognize and enforce a custody decree of a court of another state if the other state 'had assumed jurisdiction under statutory provisions substantially in accordance with § 452.440 to § 452.550', or if the decree of the other state 'was made under factual circumstances meeting the jurisdictional standards of § 452.440 to § 452.550...'" *Kilgore v. Kilgore,* 666 S.W.2d 923 (Mo.App.1984). In *Kilgore,* this court noted that neither the pleadings nor the decree of the Texas court asserted facts that the Texas court assumed jurisdiction under the statutory provisions of § 452.410–§ 452.550, nor was there anything to indicate that the decree issued under factual circumstances meeting jurisdictional standards of those statutory provisions. Under such findings, this court ruled that Missouri courts are not required to recognize and enforce foreign decrees. This court denied the sought-after relief in *Kilgore.*

The petition of appellants filed in the Kansas District Court and the decree of that court have been reviewed. The petition fails to set forth facts which would indicate jurisdiction of the Kansas Court. In addition, the decree of the Kansas court merely asserts that that court has jurisdiction over the parties and the subject matter and fails to assert either statutory authority or a factual basis for its jurisdiction. Hence, this matter is subject to the ruling in *Kilgore.*

Furthermore, Kansas should not have accepted jurisdiction. "The jurisdictional requirements of the UCCJA are designed to increase the probability that a custody decision will be in the best interests of the child by providing that custody be decided in the court with the greatest access to relevant information." *In Re B.R.F.,* 669 S.W.2d 240, 246 (Mo.App.1984). Section 452.450.1 prescribes four bases for jurisdiction to obtain custody of a child.

452.450. Jurisdiction

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because;

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

2. Except as provided in subdivisions (3) and (4) of subsection 1 of this section, physical presence of the child, or of the child and one of the litigants, in this state is not sufficient alone to confer jurisdiction on a court of this state to make a child custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

Considering first "the home state" basis, under the facts and circumstances herein, Kansas could not be found to be the home state of the minor, Michael Bell. Section 452.445(4) reads:

(4) 'Home state' means the state in which, immediately preceding the filing of custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period;

■ In the present case, it must be remembered that at the time of death of Ronda Bell and subsequent to her death (including the time immediately preceding the filing of the Kansas proceedings) the minor child Michael was residing with his father, Kevin Bell, in Missouri. The conclusion that the minor was residing in Missouri arises from the presumption that a minor child's domicile is the same as the custodial parent and upon the death of the custodial parent (Ronda), the domicile of the minor child becomes that of the surviving parent (Kevin). *Matter of Jackson,* 592 S.W.2d 320, 321 (Mo.App.1979). Thus, upon the death of Ronda Bell, the domicile of the minor Michael Bell became the same as his father's, or in other words, the domicile of Michael was Missouri, not Kansas. Thus, under § 452.450.1(1)(a), Kansas does not qualify as the "home state", nor could Kansas qualify as the home state under § 452.450.1(1)(b) since there is no parent or person acting as parent who continued to live in Kansas. Appellants Glenda and Duane Foster are residents of Missouri, as is Kevin Bell. It should be noted that if Kansas had otherwise met the statutory jurisdictional requirements, which it did not, it *could have* exercised its jurisdiction over the minor Michael since with the death of Ronda Bell, Missouri's jurisdiction to modify the original divorce decree ceased

with and upon her death. *In Re B.R.F., supra* at 244.

Under § 452.450.1(2), jurisdiction arises if, in the best interests of the minor child, there is a significant connection of the child with his parents or the child with at least one litigant within the state having a significant connection with the state, and there is available in the state substantial evidence concerning the child's present or future case, protection, training, and personal relationships. Kansas could not have obtained jurisdiction under § 452.450.1(2), because under the facts and circumstances herein, the "significant connections" are with the state of Missouri. Kevin Bell, the father, the Fosters, and Michael Bell all reside in Missouri.

Under § 452.450.1(3), in order that jurisdiction be conferred in an emergency situation, the minor child must be physically within the state. The minor herein was not, at the time the Kansas proceedings were commenced, physically within the state of Kansas. Thus, Kansas could not have obtained jurisdiction under this section of the statute.

Lastly, under § 452.450.1(4), jurisdiction may be exercised where it appears that no other state would have jurisdiction. Under the facts and circumstances herein, it cannot be said that it would have appeared to the state of Kansas that Missouri neither had jurisdiction or that Missouri would not exercise its jurisdiction. Thus, Kansas could not have obtained jurisdiction under this section of the statute.

There is no merit to appellants' point (1) and upon the foregoing reasoning, said point is ruled against them.

■ Appellant's point (2), that the Kansas decree is entitled to full faith and credit, can and is hereby taken up and summarily ruled against appellants. This result is obvious and must be reached because the Kansas court lacked proper jurisdiction to enter its decree (see point (1) above). Because that Kansas decree is of no validity, Missouri is not required to accord that decree full faith and credit.

For and upon the above reasons, the judgment herein is in all respects affirmed.

All concur.