**In re Marriage of Kathleen Elaine SPARKS, Petitioner–Appellant,**

**v.**

**Roger Bruce SPARKS, Respondent–Respondent.**

**No. 52879.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1988.

Application to Transfer Denied April 19, 1988.

Irl B. Baris, St. Louis, for petitioner-appellant.

Theodore S. Schechter, Jeffrey S. Schechter, Clayton, for respondent-respondent.

REINHARD, Judge.

Wife appeals after the court overruled her motion to return general custody of the parties' minor child during pendency of the dissolution proceedings. We affirm and remand with instructions.

On December 10, 1985, wife filed a petition for dissolution of marriage. She alleged that one child was born of the marriage, a boy age 3, and that at the time of the filing of the petition, the child was in her actual custody and resided with her. On February 25, 1986, husband filed his answer and cross-claim wherein he admitted the child resided with wife at the time of the filing of the petition, but alleged "that because of petitioner's conduct, which had endangered and impaired the physical health and emotional development of said minor child, this court has transferred his custody to respondent (husband)."

On the 19th day of December, 1986, wife filed a motion for return of custody of the child to her. She alleged that because she had custody of the child at the time of the filing of her petition, she is entitled to custody under § 452.310.3, RSMo 1986.

Husband filed a motion to dismiss wife's motion, a reply to her motion, and a motion

for temporary custody pendente lite. The motion to dismiss alleged that on or about January 20, 1986, wife was arrested for attempted murder by hiring a contract killer to murder husband, that she had been indicted by the grand jury, and that charges were pending. Further, he alleged that in an adult abuse case filed by him against wife, the Circuit Court of St. Louis County entered an order awarding custody of the child to him, and that the order of custody was entered pursuant to the consent and stipulation of wife and her attorney. He contended wife was not entitled to custody under § 452.310.3 because her temporary custody ended with the entry of the adult abuse order and, therefore, he had lawful custody.

The trial court sustained the husband's motion to dismiss wife's motion for return of custody on February 7, 1987, and in a clarifying order stated, "respondent's motion is sustained for the reason that intervening court order in cause number 537295 (the adult abuse case) of this court duly transferred custody of minor child to respondent herein."

On appeal wife argues the trial court erred in relying on the adult abuse order in dismissing her motion because 1) the adult abuse court lacked jurisdiction to enter that order and 2) if it had jurisdiction, the order had expired. She contends in either case no valid order of custody existed at the time the court ruled on her motion for return of custody, and, therefore, she is entitled to custody under § 452.310.3.

Section 452.310.3 provides:

[T]he party filing the petition shall state which party has actual custody of any minor children, and, upon the filing of the petition, all unemancipated, unmarried minor children shall come under the immediate jurisdiction of the court in which the action is filed. Thereafter, until permitted to do so by order of the court, neither party shall remove such minor children from the jurisdiction of the court nor from the care and custody of the party which has custody of the children at the time the action is filed.

On December 10, 1985, the wife had legal temporary custody of the child, not by court order, but under § 452.310.3. Custody of the child would remain with her until changed by the order of the adult abuse court.

■ In support of her contention that the adult abuse court lacked jurisdiction to award custody to husband, wife relies on *State ex rel. Lackey v. Hoester,* 599 S.W.2d 272 (Mo.App.1980). In *Hoester,* we held once a court has acquired jurisdiction of the issue of custody of a minor child in the parents' dissolution action that this jurisdiction is exclusive, and another court cannot acquire jurisdiction in a habeas corpus proceeding. *Hoester,* 599 S.W.2d at 273. Wife argues that because her dissolution petition had already been filed when husband sought the adult abuse court's order, the dissolution court had exclusive jurisdiction over custody.

*Hoester* does not govern here. *Hoester* involved a subsequent proceeding in habeas corpus. Here, husband obtained custody under the Adult Abuse Act. The act, which became effective after the decision in *Hoester* [1], provides that in an "adult abuse" proceeding, § 455.050, RSMo 1986, the court in addition may, after it has issued an order of protection,

[a]ward custody of any minor child born to or adopted by the parties when the court has jurisdiction over such child and *no prior order regarding custody is pending or has been made,* and the best interests of the child require such order be issued; and awarding visitation and temporary custody.

Section 455.050.2(1), RSMo 1986 (emphasis added). Moreover, § 455.070 provides, "All proceedings under sections 455.010 to 455.085 are *independent of any proceeding for dissolution of marriage,* legal separation, separate maintenance and other actions between the parties and are in addition to any other available civil or criminal remedies, unless otherwise specifically pro-

---

1. *Hoester* was handed down May 20, 1980. *Hoester,* 599 S.W.2d at 273. The Adult Abuse Act became effective on August 13, 1980. Laws of Mo.1980, p. 602, S.B. 524.

vided herein." § 455.070, RSMo 1986 (emphasis added).

On January 31, 1986, based upon a consent order signed by the parties and their attorneys, wife agreed, and the court ordered, that husband have custody of the child. This order expired July 21, 1986. The court had jurisdiction to award custody of the child to husband under the provisions of the Adult Abuse Act.

 Alternately, wife contends because the order expired on July 21, 1986, custody automatically returned to her under § 452.310.3. She argues that this case is analogous to *Bell v. Catholic Charities of St. Louis*, 170 S.W.2d 697 (Mo.App.1943). In *Bell*, the mother had been given custody of the minor child after a divorce. Thereafter, she and the father asked that temporary custody be given to Catholic Charities. She then sought the return of custody to her in a habeas corpus proceeding. *Bell*, 170 S.W.2d at 698–99. Wife relies on the following language in *Bell*,

> Whatever the reason may have been for the child being temporarily placed in the custody of the respondent (Catholic Charities), when that reason ceased to exist the mother had a right to the custody of her child, but it was her duty to ask for it by way of a further modification of the court's orders, and that her child be returned to her and the temporary custody of the respondent be terminated, and if she was still a fit person to have her child the court would undoubtedly have ended the temporary custody and given her the custody.

*Id.* at 699.

*Bell* does not help wife. In *Bell*, a court had initially determined the mother to be a fit parent. The circumstances which led to the transfer of custody to Catholic Charities ceased to exist. The court stated the mother could have custody of her child if she were still a fit parent. *Id.* at 698–99. Here, wife's motion for return of custody makes no allegation of her fitness or of the unfitness of husband. Section 452.310.3 provides only for the orderly fixing of temporary custody at the initiation of the dissolution, until a court order as to custody is

entered, to be sure the child's best interests are served. In this case, an order of the adult abuse court placed temporary custody with husband after wife had custody under § 452.310.3.

Wife's motion was based only on her alleged right of custody under the statute. Under the circumstances the court properly dismissed the motion. No order presently exists as to the temporary custody of this child. Therefore, the case is remanded to the trial court with instructions to hold an immediate hearing on the dissolution or on husband's motion for temporary custody; the fitness of both parents then can be considered and custody orders entered which are in the best interests of the child.

The judgment of the court is affirmed, and the case is remanded.

GARY M. GAERTNER, P.J., and CRIST, J., concur.